IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAY KELLEY and GAIL KELLEY | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: |
| | ) |
| NOVAD Management Consulting, Inc., | ) |
| et al. | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

**COMES NOW** Defendant NOVAD Management Consulting LLC ("NOVAD" or "Defendant"), pursuant to the provisions of 28 U.S.C. §§ 1332, 1441, and 1446, appearing specially so as to preserve any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure, and hereby gives notice of the removal of this action from the Circuit Court of Jefferson County, Alabama to the United States District Court for the Northern District of Alabama, Southern Division. As grounds for this removal, Defendant states as follows:

## INTRODUCTION

1. Removal of this action is proper, because this Court has diversity jurisdiction. Plaintiffs Jay Kelley and Gail Kelley ("Plaintiffs") and Defendant are completely diverse, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

2. Plaintiffs commenced this action on or about November 1, 2016, by filing a Complaint against Defendant in the Circuit Court of Jefferson County, Alabama (Case Number CV-2016-00375), which is a state court within this judicial district.

3. In their Complaint, the Plaintiffs state that they received a letter advising that the servicing of their reverse mortgage loan was transferred to NOVAD. (Compl. ¶ 7). Plaintiffs

claim to have received a letter from NOVAD on or about October 22, 2016, stating that their reverse mortgage loan was in a due and payable status. (Compl. ¶ 9).  And, that same letter indicated that the total amount due and payable on the reverse mortgage loan (as of November 16, 2016) was $287,685.15. (Id.).  According to the Plaintiffs, a due and payable event had not occurred.  (Compl. ¶¶ 12-13). Plaintiffs' Complaint alleges that NOVAD engaged in "wrongful actions" in declaring the reverse mortgage loan due and payable. (Compl. ¶¶ 13-15). Furthermore, the Complaint assert that the Defendant's "wrongful contentions" as to the status of the mortgage loan were "designed to defraud Plaintiffs out of hundreds of thousands of dollars." (Compl. "WHEREFORE" language).

4.  Moreover, the Complaint specifically seeks an award of compensatory damages against NOVAD in the amount of $25,000.00 and punitive damages in the amount of $5 million. (Compl. "WHEREFORE" language).  Also, the Complaint seeks an award of compensatory and punitive damages as to the other unserved defendants in this action.  (Id.).

## PROCEDURAL REQUIREMENTS

5.  Under 28 U.S.C. § 1446(b), "The notice of removal of a civil action . . . shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." *See also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 119 S.Ct. 1322 (1999) (finding 30-day removal period runs from date of service of summons and complaint); *but see In re Willis*, 228 F.3d 896, 897 (8th Cir. 2000) ("[T]he thirty-day time limit of section 1446(b) begins running upon receipt of the initial complaint only when the complaint explicitly discloses the plaintiff is seeking damages in excess of the federal jurisdictional amount.").

6. As stated above, the Summons and Complaint were filed on November 1, 2016. However, NOVAD was not served with the Summons and Complaint until May 15, 2017. Therefore, this Notice of Removal is timely filed. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all pleadings, process, and orders secured by the Defendant are collectively attached hereto as Exhibit "A."

7. The United States District Court for the Northern District of Alabama, Southern Division, is the federal district and division embracing the Circuit Court of Jefferson County, Alabama. Removal is, therefore, proper under 28 U.S.C. §§ 83(a)(1) and 1441(a).

8. Defendant is giving prompt written notice of this Notice of Removal to Plaintiffs and the Clerk of the Circuit Court of Jefferson County, Alabama, as required by 28 U.S.C. §1446(d).

## GROUNDS FOR REMOVAL – DIVERSITY JURISDICTION

9. This case is properly removable pursuant to 28 U.S.C. §1441, which provides in pertinent part as follows:

(a) Generally.--Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

(b) Removal based on diversity of citizenship.--

(1) In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.

(2) A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

10. This action is properly removable under 28 U.S.C. § 1441(a) and (b) because the United States District Court has original jurisdiction of this case under 28 U.S.C. § 1332(a), which provides that the district courts have original jurisdiction of civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interests and costs.

11. Addressing the amount-in-controversy requirement, the Supreme Court has clarified that "a defendant's notice of removal need include only a plausible allegation" that the jurisdictional requirements are met. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554, 190 L.Ed.2d 495 (2014). A defendant is not required to submit evidence establishing federal-court jurisdiction with its notice of removal unless the plaintiff or the court questions the defendant's claim of jurisdiction. *Id. See also Pudlowski v. The St. Louis Rams, LLC*, 829 F.3d 963 (8th Cir. 2016).

### A. Citizenship of the Parties

12. There is complete diversity of citizenship between Plaintiffs and Defendant.

13. Plaintiffs are resident citizens of the State of Alabama. (Compl. ¶¶ 1–2).

14. Defendant is a foreign limited liability company organized under Maryland law, with its principal place of business in Maryland. For purposes of assessing diversity jurisdiction, a limited liability company is a citizen of any state of which a member of the company is a citizen. *Rolling Greens, MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020 (11th Cir. 2004).

15. NOVAD has one member and he is a citizen of Maryland. NOVAD, therefore, is not a citizen of Alabama for jurisdictional purposes.

16. Citizenship for parties not properly served or joined may be disregarded for the purposes of removal. 28 U.S.C. §1441(b); *Alabama Municipal Workers Compensation Fund v. P.R. Diamond Products, Inc.*, 2017 WL 588675 at *1-2 (N.D. Ala. 2017). Here, the other named defendants – Devon Kelly and Jennifer Thompson – have not been properly served with the Summons and Complaint. A defendant need not join a removal notice if it had not been served with process at the time the removal petition was filed. *See Summerlin v. Nelson*, 2017 WL 2177361 at *7, n.5 (M.D. Ala. 2017).

17. As such, there is complete diversity between the parties.

**B.     Amount in Controversy**

18. As required by 28 U.S.C. §§ 1332(a) and 1446(c), the amount in controversy in this action exceeds $75,000. Congress amended § 1446(c) and codified the defendant's right to assert the amount in controversy in the notice of removal. *See* H.R. REP. No. 112-10, at 15 (2011), *reprinted in* 2011 U.S.C.C.A.N. 576, 580.

19. The United States Code states that "[i]f removal of a civil action is sought on the basis of [diversity] jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446 (c)(2); *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 551 (2014) ("If the plaintiff's complaint, filed in state court, demands monetary relief of a stated sum, that sum, if asserted in good faith, is 'deemed to be the amount in controversy.' "). In this case, Plaintiffs' Complaint demands specific monetary relief well in excess of $75,000.00. Consequently, the amount in controversy requirement is satisfied.

20. In addition, "when the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy." *Waller v.*

*Professional Ins. Corp.*, 296 F.2d 545, 547-48 (5th Cir. 1961). A reasonable basis for valuing property includes the amount of the balance due on the underlying mortgage. *See Haynes v. JPMorgan Chase Bank, N.A.*, 466 Fed.Appx. 763, 764 (11th Cir. 2012); *Phillips v. Mortgage Electronic Registration Systems, Inc.*, 2010 WL 11470598 at 5 (N.D. Ala. 2010) ("The fact that the value of the property is at least equivalent to the value of the note and mortgage cannot be seriously disputed."). In their Complaint, the Plaintiffs expressly reference $287,685.15 as the amount due and owing on the reverse mortgage loan. (Compl. ¶9).

21. As demonstrated above, substantially more than $75,000.00, exclusive of interest and costs, is in dispute and, therefore, the jurisdictional amount is satisfied.

## ADOPTION AND RESERVATION OF DEFENSES

22. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of the removing Defendant's right to assert any defense or affirmative matter, including, but not limited to, the defenses of (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) the mandatory arbitrability of some or all of the claims; (8) failure to join indispensable parties; or (9) any other pertinent defense available under Alabama or Federal Rule of Civil Procedure 12, any state or federal statute, or otherwise.

## JURISDICTIONAL REQUIREMENTS

23. This case is a civil action within the meaning of the Acts of Congress relating to the removal of causes.

24. Defendant has heretofore sought no similar relief.

25. The United States District Court for the Northern District of Alabama, Southern Division, is the court and division embracing the place where this action is pending in state court.

26. Defendant reserves the right to supplement this Notice of Removal by adding any jurisdictional defenses which may independently support a basis for removal.

27. Defendant hereby notifies the Court that it has provided written notice to all adverse parties of the filing of the Notice of Removal in this case, as provided for by 28 U.S.C. § 1446(d). Defendant is also filing a copy of this Notice of Removal with the Clerk of the Circuit Court of Jefferson County, Alabama, as provided by law.

28. To the extent that remand is sought, or that diversity jurisdiction is otherwise examined by this Court, Defendant respectfully requests an opportunity to submit additional evidence, to further brief, take appropriate discovery, and to submit oral argument in support of this Notice of Removal.

WHEREFORE, Defendant prays that the Court will take jurisdiction of this action and issue all necessary orders and process to remove this action from the Circuit Court of Jefferson County, Alabama to the United States District Court for the Northern District of Alabama, Southern Division.

*/s/ Stephen J. Bumgarner*
Stephen J. Bumgarner
Attorney for Defendant
NOVAD Management Consulting LLC

**OF COUNSEL:**
MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North, Suite 2400
Birmingham, Alabama 35203
Phone: (205) 254-1000
Fax: (205) 254-1999
sbumgarner@maynardcooper.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the forgoing has been served on the following by directing same to them through first-class, United States mail, postage prepared, on this the 9th day of June, 2017:

Jay Kelley and Gail Kelley
9022 Marsh Mountain Road
Pinson, AL 35216

                                                */s/ Stephen J. Bumgarner*
                                                OF COUNSEL