| | |
|---|---|
| JAY KELLEY and | ) |
| GAIL KELLEY | ) |
| | ) |
|    Plaintiffs | ) |
| | ) |
| VS. | ) |
| | ) |
| NOVAD MANAGEMENT | ) |
| CONSULTING , EVERRET | ) |
| DAVON KELLY, and | ) |
| JENNIFER THOMPSON | ) |
| | ) |
|    Defendants | ) |

CASE NO. CV2016-000375.00
JUDGE MICHAEL G. GRAFFEO

FILED IN OFFICE
CIRCUIT CIVIL DIVISION

DEC 2 9 2016

ANNE-MARIE ADAMS
CLERK

## Application to Clerk for Entry of Default
### and Supporting Affidavit

The clerk is requested to enter default against Defendant Novad Management Consulting in the above entitled action for failure to plead, answer or otherwise defend as set out in the following Affidavit

## AFFIDAVIT OF PLAINTIFFS JAY KELLEY AND GAIL KELLEY
### REGARDING
## DEFENDANT NOVAD MANAGEMENT CONSULTING

STATE OF ALABAMA
COUNTY OF JEFFERSON:

**Plaintiffs Jay Kelley and Gail Kelley, being duly sworn, deposes and says:**

1.   As Plaintiffs, we are acting Pro Se in this action, and have personal knowledge of the facts set forth in this affidavit.

2.   Defendant Novad Management Consulting was duly served with a copy of plaintiff's complaint on the seventh day November 2016.

3.   More than 30 days have elapsed since the date on which the said defendant was served with summons and a copy of the complaint.

4.    Defendant Novad Management Consulting has failed to answer or otherwise defend as to plaintiffs complaint, or serve a copy of any answer or other defense which said defendant might have upon the undersigned.

5.    This affidavit is executed by affiants herein in accordance with Rule 55(a) of the Alabama Rules of Civil Procedure, for the purpose of enabling the plaintiffs to obtain an entry of default against Defendant Novad Management Consulting for failure to answer or otherwise defend as to plaintiff's complaint.



Jay Kelley - Pro Se

Sworn to and subscribed before me this the 27 day of December 2016.

Notary Republic

**My Commission Expires 2-7-2019**

Gail Kelley - Pro Se

Sworn to and subscribed before me this the 27 day of December 2016.

Notary Republic

**My Commission Expires 2-7-2019**

DOCUMENT 9

| STATE OF ALABAMA | Revised 3/5/08 | Case No |
|---|---|---|
| Unified Judicial System | | CV 2016 000375 |
| | ☐District Court ☒Circuit Court | |

| Style of case | CIVIL MOTION COVER SHEET |
|---|---|
| JAY KELLEY, ET. AL. NOVAD MANAGEMENT CONSULTING | Name of Filing Party JAY KELLEY |

| Name, Address, and Telephone No of Attorney or Party (If Not Represented) | ☐ Oral Arguments Requested |
|---|---|

Attorney Bar No

## TYPE OF MOTION

**Motions Requiring Fee**

☐ Default Judgment ($50.00)

☐ Joinder in Other Party's Dispositive Motion (i e Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50 00)

☐ Judgment on the Pleadings ($50 00)

☐ Motion to Dismiss, or in the Alternative Summary Judgment($50 00)

☐ Renewed Dispositive Motion(Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50 00)

☐ Summary Judgment pursuant to Rule 56($50 00)

☐ Motion to Intervene ($297 00)

☐ Other _____ pursuant to Rule _____ ($50 00)

*Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees

☐ Local Court Costs $ _____

**Motions Not Requiring Fee**

☐ Add Party
☐ Amend
☐ Change of Venue/Transfer
☐ Compel
☐ Consolidation
☐ Continue
☐ Deposition
☐ Designate a Mediator
☐ Judgment as a Matter of Law (during Trial)
☐ Disburse Funds
☐ Extension of Time
☐ In Limine
☐ Joinder
☐ More Definite Statement
☐ Motion to Dismiss pursuant to Rule 12(b)
☐ New Trial
☐ Objection of Exemptions Claimed
☐ Pendente Lite
☐ Plaintiff's Motion to Dismiss
☐ Preliminary Injunction
☐ Protective Order
☐ Quash
☐ Release from Stay of Execution
☐ Sanctions
☐ Sever
☐ Special Practice in Alabama
☐ Stay
☐ Strike
☐ Supplement to Pending Motion
☐ Vacate or Modify
☐ Withdraw
☒ Other ENTRY OF DEFAULT pursuant to Rule _____ (Subject to Filing Fee)

FILED IN OFFICE
CIRCUIT CIVIL DIVISION
DEC 29 2016
ANNE-MARIE ADAMS CLERK

Hearing Date

Check here if you have filed or are filing contemporaneously with this motion an Affidavit of Substantial Hardship or if you are filing on behalf of an agency or department of the State, county, or municipal government (Pursuant to §6-5-1 Code of Alabama (1975), governmental entities are exempt from prepayment of filing fees) ☐

Date 12/29/2016

Signature of Attorney or Party
Jay Kelley - Pro Se

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion Each motion should contain a separate Cover Sheet
**Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee

ELECTRONICALLY FILED
6/9/2017 11:29 AM
01-CV-2016-000375.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**

| | |
|---|---|
| **JAY KELLEY and** | ) |
| **GAIL KELLEY,** | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **NOVAD MANAGEMENT** | ) **CIVIL ACTION NO.** |
| **CONSULTING, EVERETT** | ) **CV-2016-000375.00** |
| **DAVON KELLY, and** | ) |
| **JENNIFER THOMPSON,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

### DEFENDANT'S RESPONSE TO PLAINTIFFS'
### APPLICATION TO CLERK FOR ENTRY OF DEFAULT

Pursuant to Alabama Rule of Civil Procedure 55, Defendant Jennifer Thompson ("Defendant" or "Thompson") hereby responds to the Application to Clerk for Entry of Default filed by Plaintiffs Jay and Gail Kelley ("Plaintiffs") in the above action. Defendant makes this special appearance for the limited and sole purpose of contesting insufficient service of process and, as a result, lack of personal jurisdiction over the Defendant. Defendant respectfully offers the following in Response to the Plaintiffs' Application:

### FACTUAL BACKGROUND

1.      On or about November 1, 2016, Plaintiffs commenced this lawsuit by filing a Complaint against Defendants. *See generally* Complaint.

### Deficient Service of Process on Jennifer Thompson

2.      On or about November 7, 2016, Plaintiffs attempted to serve Thompson by sending the Summons and Complaint by way of certified mail to 2401 NW 23rd Street, Suite

1A1, Oklahoma City, Oklahoma 73107 (the "Oklahoma Address"). *See* Exhibit 1 - Return on Service for Thompson.

3. However, the Oklahoma Address is not Thompson's dwelling house or usual place of abode and, again, the service of process return receipt for the Summons and Complaint does not bear a signature. *See* Exhibit 2 - Affidavit of Jennifer Thompson. Specifically, the service of process return receipt does not bear Thompson's signature or the signature of any agent authorized by appointment or by law to receive service of process on her behalf. Exhibit 2, ¶¶ 4-5.

4. Upon information and belief, on or about January 5, 2017, Plaintiffs filed an Application to Clerk for Entry of Default against the Defendants. *See generally* Application to Clerk for Entry of Default.

5. A default judgment should not be entered against Defendant because she has never been properly served in this action and, as a consequence, any default judgment entered against her is void for lack of jurisdiction.

## ARGUMENT

### A Default Judgment Should Not Be Entered Against the Defendant Because She Was Never Properly Served

A default judgment should not be entered against the Defendant because the Court has not acquired personal jurisdiction over her as she was never properly served. Alabama Rule of Civil Procedure 4 specifies the appropriate methods for service of process. To acquire personal jurisdiction over an individual, Alabama Rule of Civil Procedure 4(c)(1) requires that service of process be made "by serving the individual or by leaving a copy of the summons and the complaint at the individual's dwelling house or usual place of abode with some person of

2

28911530 v1

suitable age and discretion then residing therein or by delivering a copy of the summons and the complaint to an agent authorized by appoint or by law to receive service of process."

Alabama requires strict compliance with Rule 4. *Aaron v. Aaron*, 571 So.2d 1150, 1151 (Ala. Civ. App. 1990). If service is not carried out pursuant to the rules, the Court does not have personal jurisdiction over the defendant. *See, e.g.*, *Shaddix v. Shaddix*, 603 So.2d 1096, 1098–99 (Ala. Civ. App. 1992) ("It is well settled that failure of proper service under Rule 4, Ala.R.Civ.P., deprives a court of jurisdiction and renders judgment by default void."). Further, it is well-settled that a default judgment against a party that was not properly served is void for lack of personal jurisdiction. *See, e.g.*, *Shaddix*, 603 So.2d at 1098–99; *Wright v. Rogers*, 435 So.2d 90, 91 (Ala. Civ. App. 1983) ("Failure of personal service of original process upon a defendant renders a judgment by default void.").

In this case, the Defendant was not properly served with service of process as required by Alabama law. In violation of the requirements of Rule 4(c), Thompson has not been served with the Summons and Complaint at her dwelling house or usual place of abode. *See* Exhibit 2, ¶ 4. Plaintiffs attempted to serve Thompson by simply mailing the Summons and Complaint to the Oklahoma Address. *See* Exhibit 1.   And, while the return on service bears a receipt stamp, it is not signed by Thompson or any other individual. *See* Exhibit 2, ¶ 5. By mailing a copy of the Summons and Complaint to Thompson at an office address, Plaintiffs have not complied with the requirements of Rule 4(c)(1) sufficient to allow the Court to acquire personal jurisdiction over Thompson.  As a result, the Court is required to deny the request to enter a default judgment against Thompson because any such judgment entered against her in the absence of proper service of process is similarly void. *See generally Bank of Am. Corp. v. Edwards*, 881 So. 2d 403 (Ala. 2003); *Horizons 2000, Inc. v. Smith*, 620 So. 2d 606 (Ala. 1993).

28911530 v1

## <u>CONCLUSION</u>

Because the Defendant has not been properly served with the Summons and Complaint, this Honorable Court does not have personal jurisdiction over her and is bound by Alabama law to deny Plaintiffs' Application to Clerk for Entry of Default. As a result, Defendant Jennifer Thompson respectfully requests that this Honorable Court enter an Order denying Plaintiffs' Application to Clerk for Entry of Default and grant her such other and further relief as this Court deems just and appropriate under the circumstances.

Respectfully submitted,

*/s/ Stephen Bumgarner*
Stephen Bumgarner (BUM001)

ATTORNEY FOR DEFENDANT
JENNIFER THOMPSON

**OF COUNSEL:**
BURR & FORMAN LLP
420 North 20th Street
3400 Wells Fargo Tower
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

28911530 v1

## CERTIFICATE OF SERVICE

I hereby certify that on this the 19th day of January, 2017, I electronically filed the foregoing with the Clerk of the Court by Alafile and served a true and correct copy of the foregoing via U.S. Mail on the following:

Jay and Gail Kelley
9022 Marsh Mountain Road
Pinson, AL 35126

*/s/ Stephen Bumgarner*
OF COUNSEL

28911530 v1

# EXHIBIT 1

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Jennifer Thompson

2401 NW 23rd Street

Suite 1 A1

Oklahoma City, Oklahoma 73107

CV2016-0375                    D003



9590 9401 0050 5168 0546 47

2. Article Number (Transfer from service label)

7016 1970 0000 8954 2603

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X

☐ Agent
☐ Addressee

B. Received by (Printed Name)          C. Date of Delivery

RECEIVED

NOV 0 7 2016

Novad Management Consulting, LLC

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below:      ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, April 2015 PSN 7530-02-000-9053          Domestic Return Receipt

DOCUMENT 14

# United States Postal Service

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•

ANNE-MARIE ADAMS, CLERK
ROOM 400 JEFF. CO. COURTHOUSE
716 RICHARD ARRINGTON JR BLVD. NO.
BIRMINGHAM, ALABAMA 35203

FILED IN OFFICE
CIRCUIT CIVIL DIVISION

NOV 10 2016

ANNE-MARIE ADAMS
CLERK

USPS TRACKING #



9590 9401 0050 5168 0546 47

# EXHIBIT 2

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| JAY KELLEY and<br>GAIL KELLEY,<br><br>           Plaintiffs,<br><br>v.<br><br>NOVAD MANAGEMENT<br>CONSULTING, EVERRET<br>DAVON KELLY, and<br>JENNIFER THOMPSON,<br><br>          Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION NO.<br>)  CV-2016-000375.00<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## <u>AFFIDAVIT OF JENNIFER THOMPSON</u>

COUNTY OF OKLAHOMA)
STATE OF OKLAHOMA)

PERSONALLY APPEARED before the undersigned officer, duly authorized to administer oaths, Jennifer Thompson, who states under oath as follows:

1.  My name is Jennifer Thompson. I am over the age of twenty-one (21) years and am competent to testify to the matters stated herein.

2.  The statements set forth in this affidavit are based upon my personal knowledge.

3.  I am employed by NOVAD as a Loan Specialist.

4.  I was not personally served with the Summons and Complaint in this matter. The address listed on the Return of Service addressed to me - 2401 NW 23rd Street Suite 1A1, Oklahoma City, Oklahoma 73107 - is not my dwelling house or usual place of abode. And, the Summons and Complaint were not delivered to an agent authorized to receive service of process on my behalf.

5.     The return receipt for service of process directed to me does not bear a signature and, specifically, does not bear my signature or the signature of anyone authorized to accept service of process on my behalf.

**FURTHER AFFIANT SAYETH NOT.**

DATED:  January 19, 2017.

By _____
Jennifer Thompson

I, Emma Scott, a Notary Public in and for said County in said State, hereby certify that Jennifer Thompson, whose name is signed to the foregoing AFFIDAVIT OF JENNIFER THOMPSON, and who is known to me, acknowledged before me on this day that, being informed of the contents of such instrument, she executed the same voluntarily on the day the same bears date.

Given under my hand and seal, this 19 day of January, 2017.

_____
NOTARY PUBLIC

[SEAL]

EMMA SCOTT
Notary Public in and for the
State of Oklahoma
Commission #14002585
My Commission expires 3/17/2018

My Commission Expires: 3/17/2018

ELECTRONICALLY FILED
10/2017 1:55 PM
01-CV-2016-000375.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

JAY KELLEY and                )
GAIL KELLEY,                  )
       Plaintiffs,        )
               )
v.                            )
               )     **CIVIL ACTION NO.**
NOVAD MANAGEMENT            )     **CV-2016-000375.00**
CONSULTING, EVERRET        )
DAVON KELLY, and           )
JENNIFER THOMPSON,         )
               )
       Defendants.          )

## DEFENDANTS' RESPONSE TO PLAINTIFFS' APPLICATION TO CLERK FOR ENTRY OF DEFAULT

Pursuant to Alabama Rule of Civil Procedure 55, Defendants NOVAD Management Consulting LLC ("NOVAD") and Everett Davon Kelly ("Kelly")( collectively, the "Defendants") hereby respond to the Application to Clerk for Entry of Default filed by Plaintiffs Jay and Gail Kelley ("Plaintiffs") in the above action. Defendants make this special appearance for the limited and sole purpose of contesting insufficient service of process and, as a result, lack of personal jurisdiction over the Defendants. Defendants respectfully offer the following in Response to the Plaintiffs' Application:

### FACTUAL BACKGROUND

1.    NOVAD is a foreign corporation headquartered in Landover, Maryland. *See* Affidavit of Everett Davon Kelly, ¶ 3, a copy of which is attached hereto as Exhibit 1.

2.    Everett Davon Kelly is the President and CEO of NOVAD. Exhibit 1, ¶ 2.

3.    On or about November 1, 2016, Plaintiffs commenced this lawsuit by filing a Complaint against Defendants. *See generally* Complaint.

## Deficient Service of Process on NOVAD

4.      On or about November 7, 2016, Plaintiffs attempted to serve NOVAD by sending the Summons and Complaint by way of certified mail to NOVAD at 2401 NW 23rd Street, Suite 1A1, Oklahoma City, Oklahoma 73107 (the "Oklahoma Address"). *See* Exhibit 2 - Returns on Service for Defendants.

5.      While the Return on Service is stamped as received, it does not bear a signature and, specifically, does not bear a signature of any partner, officer, or managing or general agent of NOVAD. *See* Exhibit 1, ¶ 6.

6.      NOVAD's registered agent for service of process in the state of Alabama is CSC - Lawyers Incorporating Service Inc. ("CSC"), which is located at 150 South Perry Street, Montgomery, Alabama 36104. *See* Exhibit 1, ¶ 4.

7.      Plaintiffs did not serve CSC - NOVAD's registered agent for service - at any time. Also, no partner, officer, managing or general agent, or agent authorized to accept service on behalf of NOVAD was served in this action. *See* Exhibit 1, ¶ 5.

## Deficient Service of Process on Everett Davon Kelly

8.      On or about November 7, 2016, Plaintiffs attempted to serve Kelly by sending the Summons and Complaint by way of certified mail to the Oklahoma Address. *See* Exhibit 2 - Return on Service for Kelly.

9.      However, the Oklahoma Address is not Kelly's dwelling house or usual place of abode and, again, the service of process return receipt for the Summons and Complaint does not bear a signature.   Specifically, the service of process return receipt does not bear Kelly's

28887529 v1

signature or the signature of any agent authorized by appointment or by law to receive service of process on his behalf. Exhibit 1, ¶ 7.[1]

10. Upon information and belief, on or about January 5, 2017, Plaintiffs filed an Application to Clerk for Entry of Default against the Defendants. *See generally* Application to Clerk for Entry of Default.

11. On or about January 6, 2017, Defendants learned of the Plaintiffs' Application to the Clerk for the Entry of Default. *See* Exhibit 1, ¶ 8.

12. A default judgment should not be entered against Defendants because they have never been properly served in this action and, as a consequence, any default judgment entered against them is void for lack of jurisdiction.

## ARGUMENT

### A Default Judgment Should Not Be Entered Against the Defendants Because They Were Never Properly Served

A default judgment should not be entered against the Defendants because the Court has not acquired personal jurisdiction over them as they were never properly served. Alabama Rule of Civil Procedure 4 specifies the appropriate methods for service of process. To acquire personal jurisdiction over a corporation, Alabama Rule of Civil Procedure 4(c)(6) requires that service of process (a Summons and Complaint stating a claim against the corporation) be made "by serving an officer, a partner (other than a limited partner), a managing or general agent, or any agent authorized by appointment or by law to receive service of process." To acquire personal jurisdiction over an individual, Alabama Rule of Civil Procedure 4(c)(1) requires that service of process be made "by serving the individual or by leaving a copy of the summons and

---

[1] Additionally, Defendant Jennifer Thompson was not personally served with the Summons and Complaint in this matter, in accordance with the Alabama Rules of Civil Procedure. *See* Exhibit 2 - Return on Service for Thompson.

the complaint at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and the complaint to an agent authorized by appoint or by law to receive service of process."

Alabama requires strict compliance with Rule 4. *Aaron v. Aaron*, 571 So.2d 1150, 1151 (Ala. Civ. App. 1990). If service is not carried out pursuant to the rules, the Court does not have personal jurisdiction over the defendant. *See, e.g.*, *Shaddix v. Shaddix*, 603 So.2d 1096, 1098–99 (Ala. Civ. App. 1992) ("It is well settled that failure of proper service under Rule 4, A.R.Civ.P., deprives a court of jurisdiction and renders judgment by default void."). Further, it is well-settled that a default judgment against a party that was not properly served is void for lack of personal jurisdiction. *See, e.g.*, *Shaddix*, 603 So.2d at 1098–99; *Wright v. Rogers*, 435 So.2d 90, 91 (Ala. Civ. App. 1983) ("Failure of personal service of original process upon a defendant renders a judgment by default void.").

In this case, the Defendants were not properly served with service of process as required by Alabama law. In that regard, no officer, partner, managing or general agent, or authorized agent for NOVAD was served with the Summons and Complaint. *See* Exhibit 1, ¶ 5. Rather than comply with Rule 4(c)(6), Plaintiffs merely mailed the Summons and Complaint to the Oklahoma Address. *See* Exhibit 2. Although the return on service bears a receipt stamp at the Oklahoma Address, no officer, partner, managing or general agent signed the return on service. *See* Exhibit 2 - NOVAD Return on Service. Additionally, while NOVAD has a registered agent for service of process in Alabama, the registered agent was not served with process either. Exhibit 1, ¶ 5.

Merely mailing a Summons and Complaint to an office of a corporation is not an accepted form of service of process permitted by Rule 4(c)(6) and, consequently, this Court did

4

not acquire personal jurisdiction over NOVAD. Accordingly, the Court must decline to enter a default judgment against NOVAD because any default judgment entered in the absence of proper service of process is void under Alabama law. *See generally Bank of Am. Corp. v. Edwards*, 881 So. 2d 403 (Ala. 2003); *Horizons 2000, Inc. v. Smith*, 620 So. 2d 606 (Ala. 1993).

Similarly, Kelly was not properly served under Alabama law. In violation of the requirements of Rule 4(c), Kelly has not been served with the Summons and Complaint at his dwelling house or usual place of abode. *See* Exhibit 1, ¶ 7. Like the deficient service on NOVAD, Plaintiffs attempted to serve Kelly by simply mailing the Summons and Complaint to the Oklahoma Address. *See* Exhibit 1, ¶ 7.   And, while the return on service bears a receipt stamp, it is not signed by Kelly or any other individual. *See* Exhibit 2 - Returns on Service. By mailing a copy of the Summons and Complaint to Kelly at an office address, Plaintiffs have not complied with the requirements of Rule 4(c)(1) sufficient to allow the Court to acquire personal jurisdiction over Kelly.  As a result, the Court is required to deny the request to enter a default judgment against Kelly because any such judgment entered against him in the absence of proper service of process is similarly void. *See generally Bank of Am. Corp. v. Edwards*, 881 So. 2d 403 (Ala. 2003); *Horizons 2000, Inc. v. Smith*, 620 So. 2d 606 (Ala. 1993).

## CONCLUSION

Because the Defendants have not been properly served with the Summons and Complaint, this Honorable Court does not have personal jurisdiction over them and is bound by Alabama law to deny Plaintiffs' Application to Clerk for Entry of Default.  As a result, Defendants NOVAD Management Consulting LLC and Everett Davon Kelly respectfully request that this Honorable Court enter an Order denying Plaintiffs' Application to Clerk for Entry of

28887529 v1

Default and grant them such other and further relief as this Court deems just and appropriate under the circumstances.

Respectfully submitted,

*/s/ Stephen Bumgarner*
Stephen Bumgarner (BUM001)

ATTORNEY FOR DEFENDANTS
NOVAD MANAGEMENT
CONSULTING LLC AND EVERETT
DAVON KELLY

**OF COUNSEL:**
BURR & FORMAN LLP
420 North 20th Street
3400 Wells Fargo Tower
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

28887529 v1

## **CERTIFICATE OF SERVICE**

I hereby certify that on this the 10th day of January, 2017, I electronically filed the foregoing with the Clerk of the Court by Alafile and served a true and correct copy of the foregoing via U.S. Mail on the following:

Jay and Gail Kelley
9022 Marsh Mountain Road
Pinson, AL 35126

*/s/ Stephen Bumgarner*
OF COUNSEL

28887529 v1

# EXHIBIT 1

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| **JAY KELLEY and**<br>**GAIL KELLEY,** | ) <br> ) <br> ) |
| **Plaintiffs,** | ) <br> ) |
| **v.** | ) <br> ) |
| **NOVAD MANAGEMENT**<br>**CONSULTING, EVERRET**<br>**DAVON KELLY, and**<br>**JENNIFER THOMPSON,** | ) **CIVIL ACTION NO.**<br>) **CV-2016-000375.00**<br>) <br> ) |
| **Defendants.** | ) <br> ) <br> ) <br> ) |

## AFFIDAVIT OF EVERETT DAVON KELLY

**COUNTY OF PRINCE GEORGE)**
**STATE OF MARYLAND)**

PERSONALLY APPEARED before the undersigned officer, duly authorized to administer oaths, Everett Davon Kelly, who states under oath as follows:

1.      My name is Everett Davon Kelly. I am over the age of twenty-one (21) years and am competent to testify to the matters stated herein.

2.      I am the President and CEO of NOVAD Management Consulting LLC ("NOVAD"). The statements set forth in this affidavit are based upon my personal knowledge and the personal knowledge I have obtained through my work at NOVAD.

3.      NOVAD is a foreign corporation headquartered in Landover, Maryland.

4.      NOVAD's registered agent for service of process in the State of Alabama is CSC - Lawyers Incorporating Service Inc. ("CSC"), 150 South Perry Street, Montgomery, Alabama 36104.

28886066 v1

5.    No partner, officer, or managing or general agent of NOVAD was served with the Summons and Complaint in this action. Further, no agent authorized by appointment to receive service of process on behalf of NOVAD was served with the Summons and Complaint in this action, specifically including NOVAD's registered agent for service in the State of Alabama.

6.    The return receipt for service of process directed to NOVAD does not bear a signature and, specifically, it does not bear the signature of any partner, officer, or managing or general agent of NOVAD.

7.    Additionally, I was not personally served with the Summons and Complaint in this matter. The address listed on the Return on Service addressed to me - 2401 NW 23rd Street Suite 1A1, Oklahoma City, Oklahoma 73107 - is not my dwelling house or usual place of abode.

8.    On or about January 5, 2017, NOVAD learned that an application had been submitted to the Circuit Clerk for Jefferson County, Alabama requesting the entry of a default judgment against NOVAD and me, individually.

**FURTHER AFFIANT SAYETH NOT.**

DATED: January *10*, 2017.

By _____
Everett Davon Kelly

I, Thomas S. Paquin, a Notary Public in and for said County in said State, hereby certify that Everett Davon Kelly, whose name is signed to the foregoing AFFIDAVIT OF EVERETT DAVON KELLY, and who is known to me, acknowledged before me on this day that, being informed of the contents of such instrument, he executed the same voluntarily on the day the same bears date.

Given under my hand and seal, this 10th day of January, 2017.

_____
NOTARY PUBLIC

[SEAL]

My Commission Expires: 5/14/18 .

28886066 v1

2

# EXBIBIT 2

SI ▮▮▮▮E THIS SECTION

■ Complete items 1, 2, and 3.

■ Print your name and address on the reverse so that we can return the card to you.

■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

NOVAD Management Consulting

2401 NW 23rd Street

Suite 1 A1

Oklahoma City, Oklahoma 73107

CV2016-0375              D001

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖

9590 9401 0050 5168 0546 23

2. Article Number (Transfer from service label)

7016 1970 0000 8954 2580

COMPLETE THIS SECTION ON DELIVERY

A. Signature

X

☐ Agent

☐ Address

B. Received by (Printed Name)          C. Date of Deliver

Novad Management Consulting, LLC

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

NOV 0 7 2016

RECEIVED

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
   Mail Restricted Delivery
   0)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restric
   Delivery
☐ Return Receipt for
   Merchandise
☐ Signature Confirmation
☐ Signature Confirmation
   Restricted Delivery

PS Form 3811, April 2015 PSN 7530-02-000-9053          Domestic Return Recei

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address

**FILED IN OFFICE**
**CIRCUIT CIVIL DIVISION**
**NOV 1 0 2016**
**ANNE-MARIE ADAMS**
**CLERK**

ANNE-MARIE ADAMS, CLERK
ROOM 400 JEFF. CO. COURTHOUSE
716 RICHARD ARRINGTON JR. BLVD., NO.
BIRMINGHAM, ALABAMA 35203

USPS TRACKING #

9590 9401 0050 5168 0548 23

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Everret Davon Kelley

2401 NW 23rd Street

Suite 1 A1

Oklahoma City, Oklahoma 73107

CV2016-0375                    D002



9590 9401 0050 5168 0546 30

2. Article Number (Transfer from service label)

7016 1970 0000 8954 2597

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X

☐ Agent
☐ Addressee

Howard Management Consulting, LLC

B. Received by (Printed Name)      C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

RECEIVED

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
   Mail
   Mail Restricted Delivery
   (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation
☐ Signature Confirmation Restricted Delivery

PS Form 3811, April 2015 PSN 7530-02-000-9053                    Domestic Return Receipt

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

* Sender: Please print your name, address and

ANNE-MARIE ADAMS, CLERK
ROOM 400 JEFF. CO. COURTHOUSE
716 RICHARD ARRINGTON JR BLVD. NO.
BIRMINGHAM, ALABAMA 35203

BILINGHAM OFFICE
CIRCUIT CIVIL DIVISION

NOV 10 2016

ANNE-MARIE ADAMS
CLERK

USPS TRACKING #

9590 9401 0050 5168 0546 30

**SENDER: COMPLETE THIS SECTION**

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Jennifer Thompson

2401 NW 23rd Street

Suite 1 A1

Oklahoma City, Oklahoma 73107

CV2016-0375          D003



9590 9401 0050 5168 0546 47

2. Article Number (Transfer from service label)

7016 1970 0000 8954 2603

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X
☐ Agent
☐ Addressee

B. Received by (Printed Name)          C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

RECEIVED

NOV 0 7 2016

Novad Management Consulting, LLC.

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, April 2015 PSN 7530-02-000-9053          Domestic Return Receipt

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

* Sender: Please print your name, address, and ZIP+4® in this box •

ANNE-MARIE ADAMS, CLERK
ROOM 400 JEFF. CO. COURTHOUSE
716 RICHARD ARRINGTON JR BLVD. NO.
BIRMINGHAM, ALABAMA  35203

FILED IN OFFICE
CIRCUIT CIVIL DIVISION

NOV 10 2016

ANNE-MARIE ADAMS
CLERK

USPS TRACKING #

9590 9401 0050 5168 0546 47


ELECTRONICALLY FILED
5/12/2017 1:10 PM
01-CV-2016-000375.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

JAY KELLEY and )
GAIL KELLEY, )
        Plaintiffs, )
)
v. )
) **CIVIL ACTION NO. CV-2016-000375.00**
NOVAD MANAGEMENT )
CONSULTING, EVERETT )
DAVON KELLY, and )
JENNIFER THOMPSON, )
)
        Defendants. )

### Notice of Change of Address

COMES NOW Stephen J. Bumgarner, counsel for defendant NOVAD Management Consulting LLC, and hereby provides notice of his change of address. The new firm address and contact information is:

MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
Suite 2400 Regions/Harbert Plaza
Telephone: 205.254.1878
Fax: 205.254.1999
Email: sbumgarner@maynardcooper.com

The undersigned respectfully requests that all future correspondence, discovery, pleadings, orders and communications be directed to the new address.

Respectfully submitted this 12th day of May, 2017.

s/ *Stephen J. Bumgarner*
Stephen J. Bumgarner

04027459.1

*Attorney for Defendant*
*NOVAD MANAGEMENT CONSULTING*
*LLC*

**OF COUNSEL:**
MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
Suite 2400 Regions/Harbert Plaza
Birmingham, AL 35203
Telephone: (205) 254-1000
Facsimile: (205) 254-1999

## CERTIFICATE OF SERVICE

I hereby certify that on May 12, 2017, I electronically filed the foregoing with the Clerk of the Court by Alafile and served a true and correct copy of the foregoing via U.S. Mail on the following:

Jay and Gail Kelley
9022 Marsh Mountain Road
Pinson, AL 35126

s/ *Stephen J. Bumgarner*
OF COUNSEL

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| **JAY KELLEY and**<br>**GAIL KELLEY,**<br>　　　　　**Plaintiffs,**<br><br>**v.**<br><br>**NOVAD MANAGEMENT**<br>**CONSULTING, EVERETT**<br>**DAVON KELLY, and**<br>**JENNIFER THOMPSON,**<br><br>　　　　　**Defendants.** | ) ) ) ) ) ) ) ) ) ) ) ) ) )　**CIVIL ACTION NO. CV-**<br>　**2016-000375.00** |

### Notice of Change of Address

COMES NOW Stephen J. Bumgarner, counsel for defendant NOVAD Management Consulting LLC, and hereby provides notice of his change of address. The new firm address and contact information is:

MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
Suite 2400 Regions/Harbert Plaza
Telephone: 205.254.1878
Fax: 205.254.1999
Email: sbumgarner@maynardcooper.com

FILED IN OFFICE
CIRCUIT CIVIL DIVISION

MAY 15 2017

ANNE-MARIE ADAMS
CLERK

The undersigned respectfully requests that all future correspondence, discovery, pleadings, orders and communications be directed to the new address.

Respectfully submitted this 12th day of May, 2017.

Stephen J. Bumgarner

04027459 1

*Attorney for Defendant*
*NOVAD MANAGEMENT CONSULTING*
*LLC*

**OF COUNSEL:**
MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
Suite 2400 Regions/Harbert Plaza
Birmingham, AL 35203
Telephone: (205) 254-1000
Facsimile: (205) 254-1999

## CERTIFICATE OF SERVICE

I hereby certify that on May 12, 2017, I electronically filed the foregoing with the Clerk of the Court by Alafile and served a true and correct copy of the foregoing via U.S. Mail on the following:

Jay and Gail Kelley
9022 Marsh Mountain Road
Pinson, AL 35126

Jefferson County Circuit Clerk
716 Richard Arrington Jr. Blvd. N
Birmingham, AL 35203

OF COUNSEL

04027459 1

2

ELECTRONICALLY FILED
4/19/2017 2:13 PM
01-CV-2016-000375.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**
**BIRMINGHAM DIVISION**

| | | |
|---|---|---|
| JAY KELLEY, | ) | |
| GAIL KELLEY, | ) | |
| Plaintiffs, | ) | |
| | ) | |
| V. | ) | CV-2016-000375-MGG |
| | ) | |
| NOVAD MANAGEMENT CONSULTING, | ) | |
| EVERRET DAVON KELLEY, | ) | |
| JENNIFER THOMPSON, | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiffs filed their COMPLAINT on November 3, 2016. Plaintiffs filed three RETURNS OF SERVICE on November 14, 2016, indicating each Defendant had been served by certified mail at 2401 NW 23rd Street, Suite 1A1, Oklahoma City, Oklahoma 73107. In January of 2017, Plaintiffs moved for ENTRY OF DEFAULT against NOVAD MANAGEMENT CONSULTING [See D. 9]. Defendants NOVAD and EVERETT KELLEY then filed a RESPONSE indicating service was improper. [See D. 10][1] Defendants argue service on NOVAD fails as Plaintiffs did not serve their registered agent, and instead sent certified mail to their headquarters. Further, Defendants maintain service on KELLEY fails as certified mail was sent again to the Oklahoma headquarters, which is not his usual home or abode. Neither RETURN OF SERVICE is signed; each simply bear received stamps. On January 19, Defendant JENNIFER THOMPSON also filed a RESPONSE[2], which made a similar argument to KELLEY in that she was not served at her usual abode nor did she (or a registered agent for her) sign to accept service.

This Court entered an ORDER [D.12] finding entry of default improper and directing the Plaintiffs to either perfect service or file a reply, which is now pending before the Court. On January 31, Plaintiffs filed their RESPONSE TO DEFENDANT NOVAD MANAGEMENT CONSULTING'S RESPONSE TO PLAINTIFF'S APPLICATION TO CLERK FOR ENTRY OF

---

[1] The Court RECOGNIZES the Defendants filing as a permissible limited appearance to contest service.
[2] See FN 1.

DEFAULT [D.22]. Plaintiffs, who are self-represented litigants, take two positions. First, Plaintiffs argue they were unaware NOVAD was a "foreign corporation," yet allege the only address they had for NOVAD was the Oklahoma address. It is clear to the Court the Plaintiffs take "foreign" to mean headquartered out of the United States, rather than outside of Alabama. However, a simple search on the Alabama Secretary of State's website lists NOVAD as a "Foreign Limited Liability Company" and includes the appropriate address for their registered agent.

The Court **FINDS** service was ineffective as to all three Defendants under Ala. R. Civ. P. 4(c)(1) and (c)(6). However, the Court **ACKNOWLEDGES** the Plaintiffs are representing themselves and the technical procedures involved in Defendants' challenges. Accordingly, the Plaintiffs are granted thirty (30) days to effect service on the Defendants pursuant to the Alabama Rules of Civil Procedure.

**DONE this 17th day of April, 2017.**

/s/ **MICHAEL G GRAFFEO**
**CIRCUIT JUDGE**

ELECTRONICALLY FILED
1/18/2017 10:36 AM
01-CV-2016-000375.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**
**BIRMINGHAM DIVISION**

| | | |
|---|---|---|
| KELLEY JAY, | ) | |
| KELLEY GAIL, | ) | |
| Plaintiffs, | ) | |
| | ) | |
| V. | ) | Case No.:        CV-2016-000375.00 |
| | ) | |
| NOVAD MANAGEMENT CONSULTING, | ) | |
| KELLEY EVERRET DAVON, | ) | |
| THOMPSON JENNIFER, | ) | |
| Defendants. | ) | |

**ORDER**

This action comes before the Court on Plaintiff's APPLICATION AND AFFIDAVIT FOR ENTRY OF DEFAULT [D.9] filed December 29, 2016, against one of the Defendants, **NOVAD MANAGEMENT CONSULTING [D001]**. Having considered the DEFENDANTS' RESPONSE TO PLAINTIFF'S APPLICATION TO CLERK FOR ENTRY OF DEFAULT [D.10], Plaintiff's APPLICATION TO CLERK FOR ENTRY OF DEFAULT is hereby **DENIED**. Plaintiff shall either RESOLVE the service defects *or* file a REPLY to the Defendant's RESPONSE by ***January 27, 2017.***

**DONE this 18th day of January, 2017.**

**/s/ MICHAEL G GRAFFEO**
**CIRCUIT JUDGE**

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

JAY KELLEY and                    )
GAIL KELLEY                       )
                                  )
    **Plaintiffs**                 )
                                  )
VS.                               )
                                  )
                                  )
NOVAD MANAGEMENT                  )
CONSULTING, EVERRET               )
DAVON KELLY, and                  )
JENNIFER THOMPSON                 )
                                  )
    **Defendants**                )

```
FILED IN OFFICE
CIRCUIT CIVIL DIVISION

MAY 0 9 2017

ANNE-MARIE ADAMS
CLERK
```

CASE NO. CV2016-000375.00

JUDGE MICHAEL G. GRAFFEO

## PLAINTIFFS' INTERROGATORIES FOR
## DEFENDANT JENNIFER THOMPSON

Come Plaintiffs Jay and Gail Kelley, pursuant to Rule 33 of Alabama Rules Of Civil Procedure, and asks that Defendant Jennifer Thompson answer these Interrogatories, under oath, and return response within thirty days of service.

## INSTRUCTIONS

1.  The following instructions apply to these Interrogatories.

2. Each Interrogatory is to be answered fully based on the information which is in your possession, or of which you have knowledge.

3.  These Interrogatories are continuing so as to require the filing of subsequent answers promptly in the event that you, by and through any of your agents, counsels, or other representatives, or in any way learn additional facts relevant to any answers not set forth in your

answers to these Interrogatories, or you discover that any information given in an answer or answers is erroneous.

4.    In each of your answers to these Interrogatories, you are requested to provide not only such information as is in your possession, but also provide information as is reasonably available to you. In the event that you are able to provide only part of the information called for by any particular Interrogatory, please provide all the information you are able to provide and state the reason for your inability to provide the remainder.

5.    If you object to or otherwise decline to answer any portion of an Interrogatory, please provide all information called for by that portion to which you do not object or which you do not decline to answer. For those portions of an Interrogatory to which you object or to which you decline to answer, state the reason for such objection or declination.

6.    Every Interrogatory herein shall be deemed a continuing Interrogatory and any and all information in addition to or in any way inconsistent with your initial answer to such Interrogatory should be immediately filed with a copy and Certificate of Service to all parties.

## INTERROGATORIES

1.   Please state that you understand that your answers to these Interrogatories are given under oath, and are subject to the penalties of perjury.

RESPONSE:

2.   Please state your full name, date of birth, place of birth, resident address, along with the name and address of your place of employment.

RESPONSE:

3.   Plaintiffs received a "Repayment Letter" from you, dated October 17, 2016 (Copy attached as "Exhibit A"), wherein you state that you are the HECM Loan Specialist for Defendant NOVAD Management Consulting, LLC (Hereinafter "NOVAD"). Please state the date you were employed by NOVAD, and how long you have held the title of HECM Loan Specialist (HECM - "Home Equity Conversion Mortgage" is more commonly known as, and is hereinafter referred to, as a "Reverse Mortgage").

RESPONSE:

4.   Please list the partners/owners of NOVAD along with their titles and percentage of ownership, and how each partner/owner may be contacted.

RESPONSE:

5.   In your Repayment Letter of October 17, 2016, you state that due to some unknown and undefined circumstance, the amount due from Plaintiffs as of 11/16/2016 is $287,685.15. However, you fail to state under which one of your five listed "circumstance(s)" this amount is supposedly due. Please state the exact circumstance under which you claim the above stated amount is due.

RESPONSE:

6.   In the context in which you use the phrase "One of the circumstances stated above has occurred", do you consider such a statement to be arbitrary and capricious?

RESPONSE:

7.   As NOVAD's Loan Specialist, please state if you actually expect Plaintiffs Jay and Gail Kelley to send NOVAD $287,685.15 based upon your undefined, unfounded, and

incomprehensible statement, without any supporting evidence, and without any basis in fact, that "One of the circumstances stated above has occurred ".

RESPONSE:

8.   To add insult to injury, you also state that if Plaintiffs do not  remit the $287,685.15 you claim is due and payable by 11/16/2016, that NOVAD somehow has the authority to foreclose on, and to seize Plaintiffs' home based upon your unfounded supposition that "One of the circumstances stated above has occurred". And this without any evidence to support your claims. Therefore, please present any and all evidence in your possession that supports your claim that "One of the circumstances stated above has occurred"; and state where, when, and from whom you acquired such evidence.

RESPONSE:

9.   In your Repayment Letter, you also state that NOVAD is a debt collector for HUD. Please list each and every HUD Official you and NOVAD deal with at HUD, listing each HUD Official's name, job description, and how each HUD Official may be contacted.

RESPONSE:

10.  As a "Debt Collector" for HUD, if NOVAD is successful in collecting the $287,685.15 you claim is owed by Plaintiffs Jay and Gail Kelley, please state the percentage, along with the dollar amount NOVAD will receive from HUD as NOVAD's collection fees.

RESPONSE:

11.  Please state the names and titles of the HUD Officials who approve the payment of your collection fees and how these HUD officials may be contacted.

RESPONSE:

12.  In your response to these Interrogatories please attach a copy of NOVAD's contract agreement with HUD that grants NOVAD the authority to collect Reverse Mortgage payments for HUD.

RESPONSE:

13.  Please list your formal education, particularly any formal education that qualifies you to hold the position of HECM Loan Specialist.

RESPONSE:

14.  Please list your former employment history, particularly any former employment that qualifies you to hold the position of HECM Loan Specialist.

RESPONSE:

15.  As NOVAD's HECM Loan Specialist, did you have the authority to construct the contents of your October 17, 2016 Repayment Letter, or did someone dictate the Repayment Letter to you, and instruct you to send it to Plaintiffs under your name?

RESPONSE:

16.  Please state if you sought the advise of an attorney regarding the contents of your Repayment Letter, and if so, please state the name of the attorney and how the attorney may be contacted.

RESPONSE:

17. Please state the names and addresses of each and every Reverse Mortgage Holder to whom NOVAD has sent a Repayment Letter; and attach a copy of each and every Repayment Letter you and NOVAD has sent to each Reverse Mortgage Holder.

RESPONSE:

18. In your Repayment Letter, you list five "Circumstances" under which you state the loan (Reverse Mortgage) "Becomes due and payable". You go on to state that "One of the circumstances stated above has occurred and placed this loan (mortgage) in a due and payable status". However, for whatever reasons, you fail to define which one of the five hypothetical circumstances has occurred. Therefore, please explain why Plaintiffs should send NOVAD $287,685.15 based upon some hypothetical "circumstance" that you and NOVAD are apparently unable to define.

RESPONSE:

19. Since your statement that "One of the circumstances stated above has occurred" is without any supporting evidence, and has no basis in fact, and is therefore no more than conjecture, insinuation, and innuendo, with apparent intent to deceive; please state exactly which "One" of your five listed circumstances has occurred, and explain, in complete detail, how, when, and from whom you learned of such a circumstance.

RESPONSE:

20.  Please present any and all evidence in your possession that Plaintiffs have sold or conveyed title to the subject property, and explain, in complete detail, how, when, and from whom you obtained such evidence, and how the entity providing you with such evidence may be contacted.

RESPONSE:

21.  Please present any and all evidence in your possession that Plaintiffs' home is no longer the principal residence of at least one of the Plaintiffs, and explain, in complete detail, how, when, and from whom you obtained such evidence, and how the entity providing you with such evidence may be contacted.

RESPONSE:

22.  Please present any and all evidence in your possession that Plaintiffs' home has not been resided in as a principal residence for a period exceeding 12 months due to physical or mental illness, and explain, in complete detail how, when, and from whom you obtained such evidence, and how the entity providing you with such evidence may be contacted.

RESPONSE:

23.  Please present any and all evidence in your possession that Plaintiffs' property is in disrepair and that Plaintiffs have refused or is unable to repair the property, and explain, in complete detail how, when, and from whom you obtained such evidence, and how the entity providing you with such evidence may be contacted.

RESPONSE:

24.  Please present any and all evidence in your possession that Plaintiffs have failed to pay property taxes and/or assessments, and explain, in complete detail, how, when, and from whom you obtained such evidence, and how the entity providing you with such evidence may be contacted.

RESPONSE:

.

25.  Please present any and all evidence in your possession that Plaintiffs have failed to keep homeowners insurance coverage current, and explain, in complete detail, how, when, and from whom you obtained such evidence, and how the entity providing you with such evidence may be contacted

RESPONSE:

26.  Please present, in complete detail, any and all evidence in your possession that Plaintiffs have refused to comply with the terms and conditions of the Reverse Mortgage, and explain how, when, and from whom you obtained such evidence, and how the entity providing you with such evidence may be contacted.

RESPONSE:

27.  Please present, in clear and precise detail, any and all evidence in your possession that led you to make the statement that some unknown and undeclared circumstance has occurred that has "placed Plaintiffs loan (Reverse Mortgage) in a due and payable status"; and that **"The total amount due and payable as of 11/16/2016 is $287,682.15";** and explain how, when, and from whom you obtained such evidence and how the entity providing you with such evidence may be contacted. (Emphasis - Bold print - is contained in Defendant's Repayment Letter).

RESPONSE:

28.  Please state the name and title of each and every HUD Official that is aware of, and that has approved of, your Repayment Letter wherein you present the hypothetical scenario that: "One of the circumstances stated above has occurred"; and state how each of these HUD Officials may be contacted.

RESPONSE:

29.  Do you believe that for you and NOVAD to threaten the seizure (foreclosure) of the American Peoples' homes under your and NOVAD's hypothetical proposition, without any evidence whatsoever, that: "One of the circumstances stated above has occurred" is deceptive, is wrongful, and is a willful violation of the American Peoples' rights under statutes of law?

RESPONSE:

30.  Do you believe that for you and NOVAD to declare, under the color of law, without any supporting evidence, and with no basis in fact whatsoever, that "One of the circumstances stated above has occurred…", constitutes deceit and deception; and that such "deceit" and "deception" are synonymous with "*Fraud*" under the Laws of The State of Alabama and under Federal Statutes of Law?

RESPONSE:

31.  Given the fact that you and NOVAD are seeking vast sums of money from unsuspecting American Citizens under the pretense that: "One" of the above undefined, and hypothetical "circumstances has occurred"; and due to the fact that you and NOVAD are seeking these vast sums of money without any supporting evidence, and with no basis in fact to support your

claims, do you consider NOVAD to be a criminal enterprise that is extorting, or is attempting to extort vast sums of money from unsuspecting American Citizens?

RESPONSE:




32.  Please state if you and the management at NOVAD actually expect Plaintiffs Jay and Gail Kelley to send you $287,682.15 based upon your wrongful statement, that "One of the above circumstances has occurred"?

RESPONSE:




33.  Do you believe that for you and NOVAD to engage in the wrongful acts described herein, along with your threats to seize Plaintiffs' and other American citizen's homes, based upon your unfounded and wrongful statement that "One of the circumstances stated above has occurred" qualifies you and NOVAD as scam artists that may constitute the criminal act of extortion under the Criminal Code of The State of Alabama, and under Federal Statutes of Law?

RESPONSE:




34.  Do you expect your contacts at HUD to somehow protect you from prosecution in this matter, or do you believe that the HUD officials who are complicit in this apparent scam should

also be prosecuted?

RESPONSE:

35.  Did you personally prepare your answers to these Interrogatories, or did other individuals assist you with your answers? If other individuals assisted you, please state their names, their association with you, and how they may be contacted.

RESPONSE:

36.  As NOVAD's HEMC Loan Specialist please submit an accounting of the funds NOVAD has collected from each reverse mortgage holder, listing the names, addresses, and the dollar amounts collected from each and every Reverse Mortgage Holder as of April 31, 2017.

RESPONSE:

37.  In your Repayment Letter, you state that "A Deed-in-lieu of foreclosure may be considered...". Please attach a copy of the property deeds of each and every individual's property that NOVAD or HUD has foreclosed on, along with a complete listing of each and every individual whose property NOVAD or HUD has received a Deed-in-lieu of foreclosure.

RESPONSE:

38. In your Repayment Letter, you also state that "A short sale of the property may also be considered ". Please attach a complete listing of the names and addresses of each and every individual's property sold at these Short Sales and list the amount received by NOVAD and/or HUD from each and every Short Sale.

RESPONSE:

_Jay Kelley_
Jay Kelley - Plaintiff

_Gail Kelley_
Gail Kelley - Plaintiff

Jay and Gail Kelley
9022 Marsh Mountain Road
Pinson, AL 35126

# "Exhibit A"

Copy of Defendant's October 17, 2016 Repayment Letter



October 17, 2016

*K̲ E̲ C̲ V̲ O̲ - O̲ct̲ 2̲·̲ ·̲ ·̲* (handwritten)

**GAIL B KELLEY**
**9022  MARSH MOUNTAIN RD**
**PINSON, AL 35126**

| | |
|---|---|
| Subject: | Repayment Letter |
| FHA Case #: | 011-6374103 |
| Borrower Name(s): | GAIL B KELLEY, JAY R KELLEY |
| Property Address: | 9022  MARSH MOUNTAIN RD |
| | PINSON, AL 35126 |

Dear Borrower:

According to the terms and conditions of the mortgage this loan becomes due and payable for any of the following reasons:

- All mortgagors have sold or conveyed title to the property.
- The property is no longer the principal residence of at least one mortgagor for reasons other than death.
- The property has not been resided in as a principal residence for a period exceeding 12 months due to physical or mental illness.
- The property is in disrepair and the mortgagor has refused or is unable to repair the property.
- The mortgagor violates one or more of the following covenants of the mortgage namely: failure to pay property taxes and/or assessments, failure to keep current homeowners insurance coverage or refusal to comply with the covenants and conditions of the mortgage.

One of the circumstances stated above has occurred and placed this loan in a due and payable status which requires the debt to be repaid.

**The total amount due and payable as of 11/16/2016 is $287,685.15.**

A Deed-in-Lieu of foreclosure may be considered provided the property is free or can be freed of any liens other than the HUD Home Equity Conversion Mortgage.  A Short Sale of the property may also be considered. Detailed letters for both of these options are enclosed.

If you would like to discuss this matter please call your HECM Housing Counselor at (877) 622-8525 extension 0, Monday through Friday, between 8:00 a.m. and 5:00 p.m. Central Standard Time. You must respond within thirty (30) days from the date of this letter.

If on the other hand you prefer to write us about this matter, please send all correspondence to the following address:

**NOVAD Management Consulting LLC**
**The Department of Housing and Urban Development**
**Attn: Jennifer Thompson**
**2401 NW 23rd Street, Suite 1A1**
**Oklahoma City, OK 73107**

Sincerely,

Jennifer Thompson
HECM Loan Specialist

NOVAD Management Consulting LLC as Contractor for The Department of Housing and Urban Development is a debt collector and is attempting to collect on a debt. Any information obtained shall be used for that purpose.

Loan Skey 3914

## Certificate Of Service

We hereby certify that on the ___9th___ day of ___May___ 2017, we filed the foregoing with the Clerk of the Court and served a copy of same via U. S. Mail on the following:

NOVAD Management Consulting, LLC

CSC Lawyers Incorporated Srvc Inc.

150 South Perry Street

Montgomery, AL 36104

Everett Davon Kelly

CSC Lawyers Incorporated Srvc Inc.

150 South Perry Street

Montgomery, AL 36104

Stephen Bumgardner

Attorney for Jennifer Thompson````

420 North Street

3400 Wells Fargo Tower

Birmingham, AL 35203

_Jay Kelley_
Jay Kelley

_Gail Kelley_
Gail Kelley

JAY KELLEY and                          )
GAIL KELLEY                             )
                                        )
    Plaintiffs                          )
                                        )
VS.                                     )        CASE NO. CV2016-000375.00
                                        )        JUDGE MICHAEL G. GRAFFEO
NOVAD MANAGEMENT                        )
CONSULTING , EVERRET                    )
DAVON KELLY, and                        )
JENNIFER THOMPSON                       )
                                        )
    Defendants                          )

> **FILED IN OFFICE**
> **CIRCUIT CIVIL DIVISION**
>
> **JAN 27 2017**
>
> **ANNE-MARIE ADAMS**
> **CLERK**

## PLAINTIFFS' RESPONSE TO
## DEFENDANTS NOVAD MANAGEMENT CONSULTING'S
## RESPONSE TO PLAINTIFFS'
## APPLICATION TO CLERK FOR ENTRY OF DEFAULT

Pursuant to Rule 55 of Alabama Rule of Civil Procedure, Plaintiffs Jay Kelley and Gail Kelley offer this Response To Defendant Novad Management Consulting's (Hereinafter "Novad") Response To Plaintiffs' Application To Clerk For Entry Of Default in that Defendant Novad's Response wrongfully claims insufficient service of process, and as a result, lack of personal jurisdiction over said Defendants.

Plaintiffs respectfully offer the following in Response to Defendants Novad's Response to Plaintiffs' Application To Clerk For Entry Of Default.

1. Defendant Novad's Response to Plaintiffs' Application for Default, Novad offers a <u>FACTUAL BACKGROUND</u> stating at item 1 that Novad is a foreign corporation. (Defendant Novad's Response to Plaintiffs' Application for Default attached as "Attachment A")

2. Until Defendant Novad filed its Response to Plaintiffs' Application for Default on 1/10/2017, Plaintiffs had no idea that they were dealing with a foreign entity.

3.   In fact, the first time Plaintiffs heard of Novad was when they received a letter dated April 19,2016 from Champion Mortgage stating that, for whatever reasons, Plaintiff's reverse mortgage had been assigned to HUD, that the servicing of the reverse mortgage had been transferred to Novad, and stated that if Plaintiffs wished to communicate with Novad, their address and phone number is:

Novad Management Consulting

Shepherd's Mall

2401 NW 23rd St., Suite 1A1

Oklahoma City, OK 73107

Attention: Reverse Mortgage

Toll Free Phone: (877) 622-8525

*(See Champion Letter at Exhibit 2)*

(Copy of Champion Letter attached as "Attachment B")

4.   Plaintiffs received four separate letters from Novad, all dated October 17, 2016. Each of these four letters listed Novads address as:

Novad Management Consulting

2401 NW 23rd St., Suite 1A1

Oklahoma City, OK 731

(Four separate letters from Novad dated October 17, 2016

attached as "Attachment C")

5.   In fact, less than 30 days ago, Plaintiffs received a statement from Novad for the Year Ending December 31, 2016 stating Novad's address as:

Novad Management Consulting

2401 NW 23rd St., Suite 1A1

Oklahoma City, OK 73107

(Copy of Novad Statement for Year Ending December 31, 2016
attached as "Attachment D")

6.   The above address is the only address provided to Plaintiffs by Novad until
Novad filed their Response to Plaintiffs' Application for Default after the fact.

7.   Defendant Novad readily admits that they received the Complaint on November
7, 2016. Attachment A, pg 2, ¶ 4-5.

8.   While Defendant Novad readily admits they received the Complaint on
November 7, 2016, and that the return on service was "stamped as received" by Novad,
Defendant somehow asserts that since they failed to sign the return of service, they were
not properly served.  Maybe we should have left a copy of the Complaint on their door
steps.

Clearly, the Complaint was properly served on Defendant Novad on November 7,
2016 by way of certified mail to the address repeatedly provided to Plaintiffs by
Defendant Novad.

And clearly, Defendant Novad acknowledges receipt of said Complaint by stamping
"Received" on the return of service. Attachment A, pg 2, ¶ 5.

Respectfully Submitted,

_Jay Kelley_
Jay Kelley

_Gail Kelley_
Gail Kelley

3

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this, the 27 day of January 2017, I filed the forgoing with the Clerk of the Court and served a copy of same via U. S. Mail on the following.

Novad Consulting and Management
C/O Steven Bumgarner
420 North 20th Street
3400 Wella Fargo Tower
Birmingham, AL 35203

Jay Kelley

# "Attachment A"

## Copy Of

## Defendant Novad's Response to Plaintiffs' Application for Default

ELECTRONICALLY FILED
1/10/2017 1:55 PM
01-CV-2016-000375.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

JAY KELLEY and  )
GAIL KELLEY,  )
               **Plaintiffs,**  )
  )
  )
v.  )
  )    **CIVIL ACTION NO.**
NOVAD MANAGEMENT  )    **CV-2016-000375.00**
CONSULTING, EVERRET  )
DAVON KELLY, and  )
JENNIFER THOMPSON,  )
  )
               **Defendants.**  )

## DEFENDANTS' RESPONSE TO PLAINTIFFS' APPLICATION TO CLERK FOR ENTRY OF DEFAULT

Pursuant to Alabama Rule of Civil Procedure 55, Defendants NOVAD Management Consulting LLC ("NOVAD") and Everett Davon Kelly ("Kelly")( collectively, the "Defendants") hereby respond to the Application to Clerk for Entry of Default filed by Plaintiffs Jay and Gail Kelley ("Plaintiffs") in the above action. Defendants make this special appearance for the limited and sole purpose of contesting insufficient service of process and, as a result, lack of personal jurisdiction over the Defendants. Defendants respectfully offer the following in Response to the Plaintiffs' Application:

### FACTUAL BACKGROUND

1.     NOVAD is a foreign corporation headquartered in Landover, Maryland. *See* Affidavit of Everett Davon Kelly, ¶ 3, a copy of which is attached hereto as Exhibit 1.

2.     Everett Davon Kelly is the President and CEO of NOVAD. Exhibit 1, ¶ 2.

3.     On or about November 1, 2016, Plaintiffs commenced this lawsuit by filing a Complaint against Defendants. *See generally* Complaint.

## Deficient Service of Process on NOVAD

4.      On or about November 7, 2016, Plaintiffs attempted to serve NOVAD by sending the Summons and Complaint by way of certified mail to NOVAD at 2401 NW 23rd Street, Suite 1A1, Oklahoma City, Oklahoma 73107 (the "Oklahoma Address"). *See* Exhibit 2 - Returns on Service for Defendants.

5.      While the Return on Service is stamped as received, it does not bear a signature and, specifically, does not bear a signature of any partner, officer, or managing or general agent of NOVAD. *See* Exhibit 1, ¶ 6.

6.      NOVAD's registered agent for service of process in the state of Alabama is CSC - Lawyers Incorporating Service Inc. ("CSC"), which is located at 150 South Perry Street, Montgomery, Alabama 36104. *See* Exhibit 1, ¶ 4.

7.      Plaintiffs did not serve CSC - NOVAD's registered agent for service - at any time. Also, no partner, officer, managing or general agent, or agent authorized to accept service on behalf of NOVAD was served in this action. *See* Exhibit 1, ¶ 5.

## Deficient Service of Process on Everett Davon Kelly

8.      On or about November 7, 2016, Plaintiffs attempted to serve Kelly by sending the Summons and Complaint by way of certified mail to the Oklahoma Address. *See* Exhibit 2 - Return on Service for Kelly.

9.      However, the Oklahoma Address is not Kelly's dwelling house or usual place of abode and, again, the service of process return receipt for the Summons and Complaint does not bear a signature.  Specifically, the service of process return receipt does not bear Kelly's

2

signature or the signature of any agent authorized by appointment or by law to receive service of process on his behalf. Exhibit 1, ¶ 7.[1]

10.     Upon information and belief, on or about January 5, 2017, Plaintiffs filed an Application to Clerk for Entry of Default against the Defendants. *See generally* Application to Clerk for Entry of Default.

11.     On or about January 6, 2017, Defendants learned of the Plaintiffs' Application to the Clerk for the Entry of Default. *See* Exhibit 1, ¶ 8.

12.     A default judgment should not be entered against Defendants because they have never been properly served in this action and, as a consequence, any default judgment entered against them is void for lack of jurisdiction.

## ARGUMENT

### A Default Judgment Should Not Be Entered Against the Defendants Because They Were Never Properly Served

A default judgment should not be entered against the Defendants because the Court has not acquired personal jurisdiction over them as they were never properly served. Alabama Rule of Civil Procedure 4 specifies the appropriate methods for service of process. To acquire personal jurisdiction over a corporation, Alabama Rule of Civil Procedure 4(c)(6) requires that service of process (a Summons and Complaint stating a claim against the corporation) be made "by serving an officer, a partner (other than a limited partner), a managing or general agent, or any agent authorized by appointment or by law to receive service of process." To acquire personal jurisdiction over an individual, Alabama Rule of Civil Procedure 4(c)(1) requires that service of process be made "by serving the individual or by leaving a copy of the summons and

---

[1] Additionally, Defendant Jennifer Thompson was not personally served with the Summons and Complaint in this matter, in accordance with the Alabama Rules of Civil Procedure. *See* Exhibit 2 - Return on Service for Thompson.

3

the complaint at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and the complaint to an agent authorized by appoint or by law to receive service of process."

Alabama requires strict compliance with Rule 4. *Aaron v. Aaron*, 571 So.2d 1150, 1151 (Ala. Civ. App. 1990). If service is not carried out pursuant to the rules, the Court does not have personal jurisdiction over the defendant. *See, e.g., Shaddix v. Shaddix*, 603 So.2d 1096, 1098–99 (Ala. Civ. App. 1992) ("It is well settled that failure of proper service under Rule 4, A.R.Civ.P., deprives a court of jurisdiction and renders judgment by default void."). Further, it is well-settled that a default judgment against a party that was not properly served is void for lack of personal jurisdiction. *See, e.g., Shaddix*, 603 So.2d at 1098–99; *Wright v. Rogers*, 435 So.2d 90, 91 (Ala. Civ. App. 1983) ("Failure of personal service of original process upon a defendant renders a judgment by default void.").

In this case, the Defendants were not properly served with service of process as required by Alabama law. In that regard, no officer, partner, managing or general agent, or authorized agent for NOVAD was served with the Summons and Complaint. *See* Exhibit 1, ¶ 5. Rather than comply with Rule 4(c)(6), Plaintiffs merely mailed the Summons and Complaint to the Oklahoma Address. *See* Exhibit 2. Although the return on service bears a receipt stamp at the Oklahoma Address, no officer, partner, managing or general agent signed the return on service. *See* Exhibit 2 - NOVAD Return on Service. Additionally, while NOVAD has a registered agent for service of process in Alabama, the registered agent was not served with process either. Exhibit 1, ¶ 5.

Merely mailing a Summons and Complaint to an office of a corporation is not an accepted form of service of process permitted by Rule 4(c)(6) and, consequently, this Court did

not acquire personal jurisdiction over NOVAD. Accordingly, the Court must decline to enter a default judgment against NOVAD because any default judgment entered in the absence of proper service of process is void under Alabama law. *See generally Bank of Am. Corp. v. Edwards*, 881 So. 2d 403 (Ala. 2003); *Horizons 2000, Inc. v. Smith*, 620 So. 2d 606 (Ala. 1993).

Similarly, Kelly was not properly served under Alabama law. In violation of the requirements of Rule 4(c), Kelly has not been served with the Summons and Complaint at his dwelling house or usual place of abode. *See* Exhibit 1, ¶ 7. Like the deficient service on NOVAD, Plaintiffs attempted to serve Kelly by simply mailing the Summons and Complaint to the Oklahoma Address. *See* Exhibit 1, ¶ 7.   And, while the return on service bears a receipt stamp, it is not signed by Kelly or any other individual. *See* Exhibit 2 - Returns on Service. By mailing a copy of the Summons and Complaint to Kelly at an office address, Plaintiffs have not complied with the requirements of Rule 4(c)(1) sufficient to allow the Court to acquire personal jurisdiction over Kelly.  As a result, the Court is required to deny the request to enter a default judgment against Kelly because any such judgment entered against him in the absence of proper service of process is similarly void. *See generally Bank of Am. Corp. v. Edwards*, 881 So. 2d 403 (Ala. 2003); *Horizons 2000, Inc. v. Smith*, 620 So. 2d 606 (Ala. 1993).

## CONCLUSION

Because the Defendants have not been properly served with the Summons and Complaint, this Honorable Court does not have personal jurisdiction over them and is bound by Alabama law to deny Plaintiffs' Application to Clerk for Entry of Default.  As a result, Defendants NOVAD Management Consulting LLC and Everett Davon Kelly respectfully request that this Honorable Court enter an Order denying Plaintiffs' Application to Clerk for Entry of

5

28887529 v1

Default and grant them such other and further relief as this Court deems just and appropriate
under the circumstances.

Respectfully submitted,

*/s/ Stephen Bumgarner*
Stephen Bumgarner (BUM001)

ATTORNEY FOR DEFENDANTS
NOVAD MANAGEMENT
CONSULTING LLC AND EVERETT
DAVON KELLY

**OF COUNSEL:**
BURR & FORMAN LLP
420 North 20th Street
3400 Wells Fargo Tower
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

6

28887529 v1

## CERTIFICATE OF SERVICE

I hereby certify that on this the 10th day of January, 2017, I electronically filed the foregoing with the Clerk of the Court by Alafile and served a true and correct copy of the foregoing via U.S. Mail on the following:

Jay and Gail Kelley
9022 Marsh Mountain Road
Pinson, AL 35126

                                        /s/ Stephen Bumgarner
                                        OF COUNSEL

7

28887529 v1

# EXHIBIT 1

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

JAY KELLEY and )
GAIL KELLEY, )
            Plaintiffs, )
)
v. )
)
NOVAD MANAGEMENT ) CIVIL ACTION NO.
CONSULTING, EVERRET ) CV-2016-000375.00
DAVON KELLY, and )
JENNIFER THOMPSON, )
)
          Defendants. )
)
)

### AFFIDAVIT OF EVERETT DAVON KELLY

COUNTY OF PRINCE GEORGE)
STATE OF MARYLAND)

    PERSONALLY APPEARED before the undersigned officer, duly authorized to administer oaths, Everett Davon Kelly, who states under oath as follows:

    1.    My name is Everett Davon Kelly. I am over the age of twenty-one (21) years and am competent to testify to the matters stated herein.

    2.    I am the President and CEO of NOVAD Management Consulting LLC ("NOVAD"). The statements set forth in this affidavit are based upon my personal knowledge and the personal knowledge I have obtained through my work at NOVAD.

    3.    NOVAD is a foreign corporation headquartered in Landover, Maryland.

    4.    NOVAD's registered agent for service of process in the State of Alabama is CSC - Lawyers Incorporating Service Inc. ("CSC"), 150 South Perry Street, Montgomery, Alabama 36104.

28886066 v1

5.     No partner, officer, or managing or general agent of NOVAD was served with the Summons and Complaint in this action. Further, no agent authorized by appointment to receive service of process on behalf of NOVAD was served with the Summons and Complaint in this action, specifically including NOVAD's registered agent for service in the State of Alabama.

6.     The return receipt for service of process directed to NOVAD does not bear a signature and, specifically, it does not bear the signature of any partner, officer, or managing or general agent of NOVAD.

7.     Additionally, I was not personally served with the Summons and Complaint in this matter. The address listed on the Return on Service addressed to me - 2401 NW 23rd Street Suite 1A1, Oklahoma City, Oklahoma 73107 - is not my dwelling house or usual place of abode.

8.     On or about January 5, 2017, NOVAD learned that an application had been submitted to the Circuit Clerk for Jefferson County, Alabama requesting the entry of a default judgment against NOVAD and me, individually.

**FURTHER AFFIANT SAYETH NOT.**

DATED: January _10_, 2017.

By _____
Everett Davon Kelly

I, _Thomas S. Paquin_ a Notary Public in and for said County in said State, hereby certify that Everett Davon Kelly, whose name is signed to the foregoing AFFIDAVIT OF EVERETT DAVON KELLY, and who is known to me, acknowledged before me on this day that, being informed of the contents of such instrument, he executed the same voluntarily on the day the same bears date.

Given under my hand and seal, this 10th day of January, 2017.

_____
NOTARY PUBLIC

[SEAL]

My Commission Expires: _5/14/18_.

28886066 v1

2

# EXBIBIT 2

SI **ENTE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

NOVAD Management Consulting

2401 NW 23rd Street

Suite 1 A1

Oklahoma City, Oklahoma 73107

CV2016-0375          D001

9590 9401 0050 5168 0546 23

2. Article Number (Transfer from service label)

7016 1970 0000 8954 2580

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X
☐ Agent
☐ Address

B. Received by (Printed Name)          C. Date of Delive

Novad Management Consulting, LLC

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

NOV 0 7 2016

RECEIVED

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
✓ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
   Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restri
   Delivery
☑ Return Receipt for
   Merchandise
☐ Signature Confirmation
☐ Signature Confirmation
   Restricted Delivery

PS Form 3811, April 2015 PSN 7530-02-000-9053          Domestic Return Recei

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address,

FILED IN OFFICE
CIRCUIT CIVIL DIVISION

ANNE-MARIE ADAMS, CLERK

ROOM 400 JEFF. CO. COURTHOUSE

NOV 1 0 2016

716 RICHARD ARRINGTON JR BLVD. NO.

ANNE-MARIE ADAMS

BIRMINGHAM, ALABAMA 35203

CLERK

USPS TRACKING #

9590 9401 0050 5168 0548 23

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

**Everret Davon Kelley**

**2401 NW 23rd Street**

**Suite 1 A1**

**Oklahoma City, Oklahoma 73107**

**CV2016-0375          D002**



9590 9401 0050 5168 0546 30

2. Article Number (Transfer from service label)

7016 1970 0000 8954 2597

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X
Revail Management Consulting, LLC          ☐ Agent
                                           ☐ Address

B. Received by (Printed Name)          C. Date of Delive

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

**RECEIVED**

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ ...lail
☐ ...lail Restricted Delivery
                                        ☐ Priority Mail Express®
                                        ☐ Registered Mail™
                                        ☐ Registered Mail Restri
                                           Delivery
                                        ☐ Return Receipt for
                                           Merchandise
                                        ☐ Signature Confirmation
                                        ☐ Signature Confirmation
                                           Restricted Delivery

PS Form 3811, April 2015 PSN 7530-02-000-9053          Domestic Return Recei

# "Attachment B"

## Copy of Champion Letter of April 19, 2016



**Reverse Mortgage Servicing Department**
P.O. Box 619093 • Dallas, TX 75261-9093
(855) 683-3095 Office
(866) 621-1036 Fax

April 19, 2016

GAIL BLANKENSHIP & JAY KELLEY
9022 MARSH MOUNTAIN ROAD
PINSON, AL 35126

RE: Transfer of Servicing
Loan Number #1043786
FHA Case # 0116374103

Dear GAIL BLANKENSHIP & JAY KELLEY:

This letter is notification that your reverse mortgage has been assigned to HUD.

We have been notified by HUD that the administration and servicing of your reverse mortgage will be transferred to Novad Management Consulting effective May 8, 2016

The transfer of servicing is a common practice in the mortgage banking industry. Please be assured that this change will not affect the terms and conditions of your original note and payment plan.

Should you wish to communicate with Novad Management Consulting, their address and phone number are listed below:



Novad Management Consulting
Shepherd's Mall
2401 NW 23rd St, Suite 1A1
Oklahoma City, OK 73107
Attention: Reverse Mortgage
Toll Free Phone: (877) 622-8525

We have enjoyed working with you and appreciate your business.

Sincerely,

Reverse Mortgage Servicing Department

Champion Mortgage is a debt collector.  This may be an attempt to collect a debt and any information obtained will be used for that purpose.  However, if you are currently in bankruptcy or have received a discharge in bankruptcy, this communication is not an attempt to collect a debt from you personally to the extent that it is included in your bankruptcy or has been discharged, but is provided for informational purposes only.

# "Attachment C"

## Copy of four separate letters dated October 17, 2016 from Defendant Novad listing their address as:

**Novad Management Consulting**

**2401 NW 23rd St., Suite 1A1**

**Oklahoma City, OK 73107**



October 17, 2016

**GAIL B KELLEY**
**JAY R KELLEY**
**9022  MARSH MOUNTAIN RD**
**PINSON, AL 35126**

Subject:          Home Equity Conversion Mortgage (HECM) Short Sale
FHA Case #:     011-6374103
Property Address: 9022  MARSH MOUNTAIN RD
                 PINSON, AL 35126

Dear GAIL B KELLEY:

Please note that NOVAD Management Consulting LLC as a contractor for the U.S. Department of Housing and Urban Development (HUD), is currently servicing your Home Equity Conversion Mortgage (HECM) account

Please note that a Short Sale is a special provision of the HECM program that may allow the debt to be settled for less than what is currently owed, provided the property is being sold for the least 95% of its current appraised value. An appraisal will be ordered by our office to determine the current value of the property to accommodate a Short Sale, if your intent is to sell the property. Please contact the First Mortgage Servicing Department to advise if the property will be sold and to request an appraisal.

Below, please find a list of the items required by the Department of Housing and Urban Development (HUD) in order for a Short Sale offer to be reviewed for consideration.

1) A legible copy of the fully executed sales agreement which must include the following·

- Any/all addendums containing provisions upon which the sale is conditioned;
- A clearly defined purchase price and closing date;
- A statement that the buyer accepts the property in "as is" condition unless the sale is contingent upon certain repairs outlined therein;

2) An itemized list of sellers and buyers expenses, settlement statement or estimated HUD-1.  If there is an existing lien on the property, please provide evidence of good faith attempts to satisfy the debt prior to your short sale.

3) The following information is required for all borrowers currently on record, if they have not previously been provided.

- Death Certificate (if applicable);
- Copy of Will and/or Probate Certificate naming either the estate executor or administrator (if applicable);
- Copy of Power-of-Attorney documents (if applicable)

NOVAD Management Consulting LLC as Contractor for The Department of Housing and Urban Development is a debt collector and is attempting
to collect on a debt. Any information obtained shall be used for that purpose.

Loan Skey.3914

2401 NW 23rd Street, Suite 1A1, Oklahoma City, OK 73107
Phone (877) 622-8525 – Fax (800) 489-1733 – TTY/TDD (800) 855-2880



October 17, 2016

*Rscvd - Oct* ...

GAIL B KELLEY
9022 MARSH MOUNTAIN RD
PINSON, AL 35126

| | |
|---|---|
| Subject: | Repayment Letter |
| FHA Case #: | 011-6374103 |
| Borrower Name(s): | GAIL B KELLEY, JAY R KELLEY |
| Property Address: | 9022 MARSH MOUNTAIN RD |
| | PINSON, AL 35126 |

Dear Borrower:

According to the terms and conditions of the mortgage this loan becomes due and payable for any of the following reasons:

- All mortgagors have sold or conveyed title to the property.
- The property is no longer the principal residence of at least one mortgagor for reasons other than death.
- The property has not been resided in as a principal residence for a period exceeding 12 months due to physical or mental illness.
- The property is in disrepair and the mortgagor has refused or is unable to repair the property.
- The mortgagor violates one or more of the following covenants of the mortgage namely: failure to pay property taxes and/or assessments, failure to keep current homeowners insurance coverage or refusal to comply with the covenants and conditions of the mortgage.

One of the circumstances stated above has occurred and placed this loan in a due and payable status which requires the debt to be repaid.

**The total amount due and payable as of 11/16/2016 is $287,685.15.**

A Deed-in-Lieu of foreclosure may be considered provided the property is free or can be freed of any liens other than the HUD Home Equity Conversion Mortgage. A Short Sale of the property may also be considered. Detailed letters for both of these options are enclosed.

If you would like to discuss this matter please call your HECM Housing Counselor at (877) 622-8525 extension 0, Monday through Friday, between 8:00 a.m. and 5:00 p.m. Central Standard Time. You must respond within thirty (30) days from the date of this letter.

If on the other hand you prefer to write us about this matter, please send all correspondence to the following address:

**NOVAD Management Consulting LLC
The Department of Housing and Urban Development
Attn: Jennifer Thompson
2401 NW 23rd Street, Suite 1A1
Oklahoma City, OK 73107**

Sincerely,

Jennifer Thompson
HECM Loan Specialist

NOVAD Management Consulting LLC as Contractor for The Department of Housing and Urban Development is a debt collector and is attempting to collect on a debt. Any information obtained shall be used for that purpose.

Loan Skey 3914



October 17, 2016

**GAIL B KELLEY**
**JAY R KELLEY**
**9022  MARSH MOUNTAIN RD**
**PINSON, AL 35126**

| | |
|---|---|
| Subject: | Home Equity Conversion Mortgage (HECM) - Deed-in-Lieu of Foreclosure |
| FHA Case #: | 011-6374103 |
| Property Address: | 9022  MARSH MOUNTAIN RD |
| | PINSON, AL 35126 |

Dear GAIL B KELLEY:

Please note that NOVAD Management Consulting LLC as a contractor for the U.S. Department of Housing and Urban Development (HUD), is currently servicing your Home Equity Conversion Mortgage (HECM) account.

Enclosed please find a list of items required by HUD to consider a request to accept a Deed-In-Lieu of foreclosure for the property listed above:

- Death Certificate (if applicable)
- Documentation the Estate has been probated (if applicable)
- Copy of the Power of Attorney (POA) papers (if applicable), and
- Written request for the Deed-in-Lieu of Foreclosure

The information requested above is also required for all co-borrowers that are responsible for the loan. Please return the requested information to the address below no later than thirty (30) days from the date of this letter in order to prevent the initiation of a foreclosure action:

> **NOVAD Management Consulting LLC**
> **Attn: First Mortgage Servicing Department**
> **2401 NW 23rd Street, Suite 1A1**
> **Oklahoma City, OK 73107**

Upon receipt of the above information, an attorney will be assigned to prepare the necessary documents, at which point you will be contacted. The property will need to be vacated and the keys surrendered on the day the Deed-in-Lieu is signed. A property inspection will be performed the following day in order to confirm vacancy before the Deed-in-Lieu is officially accepted.

If you would like to discuss this matter, please call the First Mortgage Servicing Department at (877) 622-8525, Monday through Friday, between 7:00 a.m. to 7:00 p.m. Central Standard Time.

Sincerely,

First Mortgage Servicing Department

NOVAD Management Consulting LLC as Contractor for The Department of Housing and Urban Development is a debt collector and is attempting to collect on a debt. Any information obtained shall be used for that purpose.

Loan Skey 3914

2401 NW 23rd Street, Suite 1A1, Oklahoma City, OK 73107
Phone (877) 622-8525 ~ Fax (800) 489-1733 ~ TTY/TDD (800) 855-2880



October 17, 2016

The information requested is required for all borrowers on the HECM Loan. The review of this information does not guarantee acceptance or approval. Upon receipt of all the required documents your request will be promptly reviewed and you or your authorized representative will be contacted once a decision is made.

If you would like to discuss this matter, please call the First Mortgage Servicing Department at (877) 622-8525, Monday through Friday, between 7:00 a.m. to 7:00 p.m. Central Standard Time.

If you prefer to respond in writing, please send all correspondence to the following address:

NOVAD Management Consulting LLC
Attn: First Mortgage Servicing Department
2401 NW 23rd Street, Suite 1A1
Oklahoma City, OK 73107

Sincerely,

First Mortgage Servicing Department

NOVAD Management Consulting LLC as Contractor for The Department of Housing and Urban Development is a debt collector and is attempting to collect on a debt. Any information obtained shall be used for that purpose.

Loan Skey 3914

# "Attachment D"

## Copy of Year Ending Statement dated December 31, 2016 from Defendant Novad listing their address as:

**Novad Management Consulting**

**2401 NW 23rd St., Suite 1A1**

**Oklahoma City, OK 73107**



Year Ending: December 31, 2016

## Annual Statement

GAIL B KELLEY & JAY R KELLEY
9022 MARSH MOUNTAIN RD
PINSON, AL 35126

### *** THIS IS NOT A BILL ***

**Account Information**

| | |
|---|---|
| Pay Plan Type: | Line of Credit |
| Funded Date: | 03/24/2010 |
| FHA Case #: | 011-6374103 |
| Borrower: | GAIL B KELLEY |
| Property: | 9022 MARSH MOUNTAIN RD |
| | PINSON, AL 35126 |

**Interest Rates**

Interest Rate Type: Fixed

| Month | Index | Margin | Rate (Index+Margin) |
|---|---|---|---|
| December: | 5.5600% | 0.0000% | 5.5600% |
| January: | 5.5600% | 0.0000% | 5.5600% |
| February | 5.5600% | 0.0000% | 5.5600% |

**Credit Line Set Aside Information**

| | |
|---|---|
| Original Credit Line: | $0.00 |
| Current Gross Credit Line: | $0.00 |
| Unsch. Credit Line Disb. Bal. (-): | $0.00 |
| Net Credit Line Set Aside (=): | $0.00 |

*Modified Term or Modified Tenure only*

**Principal Limit Information**

| | |
|---|---|
| Original Principal Limit: | $195,440.00 |
| Current Principal Limit: | $295,393.91 |
| Loan Balance (-): | $289,858.12 |
| Repair Set Aside (-): | $0.00 |
| Set Asides (-): | $4,414.95 |
| Credit Line Set Aside (-): | $0.00 |
| Net Principal Limit (=): | $0.00 |

**Total Funds Available**

| | |
|---|---|
| Net Credit Line Set Aside + Net Principal Limit = | $0.00 |

*IN ORDER TO MAKE FUTURE WITHDRAWALS, YOU MUST MAINTAIN A MIN. $50.00 BALANCE IN YOUR LINE OF CREDIT*

**Loan Balance Activity**

| | Current Month | Year To Date |
|---|---|---|
| Beginning Loan Balance | $288,371.85 | $272,507.53 |
| Payment Amount: | $0.00 | $0.00 |
| Unscheduled Disbursements (if applicable): | $0.00 | $0.00 |
| Escrow/Set Aside Disbursements: | $0.00 | $0.00 |
| Delinquent Taxes/Insurance Disbursement: | $0.00 | $0.00 |
| Interest: | $1,336.12 | $15,588.73 |
| Service Fee: | $30.00 | $360.00 |
| MIP: | $120.15 | $1,401.86 |
| Misc. Charges: | $0.00 | $0.00 |
| Repayments: | $0.00 | $0.00 |
| *Total Activity:* | *$1,486.27* | *$17,350.59* |
| Ending Loan Balance as of December 31, 2016 | $289,858.12 | $289,858.12 |

If you have any questions or would like further information on your reverse mortgage, Call our HECM Department.

Loan Skey: 3914

2401 NW 23rd Street, Suite 1A1, Oklahoma City, OK 73107
Phone (877) 622-8525 ~ Fax (800) 489-1733 ~ TTY/TDD (800) 855-2880

ELECTRONICALLY FILED
1/9/2017 11:29 AM
01-CV-2016-000375.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**

| | |
|---|---|
| **JAY KELLEY and** | ) |
| **GAIL KELLEY,** | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | ) |
| | ) **CIVIL ACTION NO.** |
| **NOVAD MANAGEMENT** | ) **CV-2016-000375.00** |
| **CONSULTING, EVERETT** | ) |
| **DAVON KELLY,  and** | ) |
| **JENNIFER THOMPSON,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

**DEFENDANT'S RESPONSE TO PLAINTIFFS'**
**APPLICATION TO CLERK FOR ENTRY OF DEFAULT**

Pursuant to Alabama Rule of Civil Procedure 55, Defendant Jennifer Thompson

("Defendant" or "Thompson") hereby responds to the Application to Clerk for Entry of Default

filed by Plaintiffs Jay and Gail Kelley ("Plaintiffs") in the above action. Defendant makes this

special appearance for the limited and sole purpose of contesting insufficient service of process

and, as a result, lack of personal jurisdiction over the Defendant. Defendant respectfully offers

the following in Response to the Plaintiffs' Application:

**FACTUAL BACKGROUND**

1.      On or about November 1, 2016, Plaintiffs commenced this lawsuit by filing a

Complaint against Defendants. *See generally* Complaint.

**Deficient Service of Process on Jennifer Thompson**

2.      On or about November 7, 2016, Plaintiffs attempted to serve Thompson by

sending the Summons and Complaint by way of certified mail to 2401 NW 23rd Street, Suite

28911530 v1

1A1, Oklahoma City, Oklahoma 73107 (the "Oklahoma Address"). *See* Exhibit 1 - Return on Service for Thompson.

3.      However, the Oklahoma Address is not Thompson's dwelling house or usual place of abode and, again, the service of process return receipt for the Summons and Complaint does not bear a signature.  *See* Exhibit 2 - Affidavit of Jennifer Thompson.  Specifically, the service of process return receipt does not bear Thompson's signature or the signature of any agent authorized by appointment or by law to receive service of process on her behalf. Exhibit 2, ¶ ¶ 4-5.

4.      Upon information and belief, on or about January 5, 2017, Plaintiffs filed an Application to Clerk for Entry of Default against the Defendants. *See generally* Application to Clerk for Entry of Default.

5.      A default judgment should not be entered against Defendant because she has never been properly served in this action and, as a consequence, any default judgment entered against her is void for lack of jurisdiction.

### ARGUMENT

### A Default Judgment Should Not Be Entered Against the Defendant Because She Was Never Properly Served

A default judgment should not be entered against the Defendant because the Court has not acquired personal jurisdiction over her as she was never properly served. Alabama Rule of Civil Procedure 4 specifies the appropriate methods for service of process. To acquire personal jurisdiction over an individual, Alabama Rule of Civil Procedure 4(c)(1) requires that service of process be made "by serving the individual or by leaving a copy of the summons and the complaint at the individual's dwelling house or usual place of abode with some person of

28911530 v1

suitable age and discretion then residing therein or by delivering a copy of the summons and the complaint to an agent authorized by appoint or by law to receive service of process."

Alabama requires strict compliance with Rule 4. *Aaron v. Aaron*, 571 So.2d 1150, 1151 (Ala. Civ. App. 1990). If service is not carried out pursuant to the rules, the Court does not have personal jurisdiction over the defendant. *See, e.g.*, *Shaddix v. Shaddix*, 603 So.2d 1096, 1098–99 (Ala. Civ. App. 1992) ("It is well settled that failure of proper service under Rule 4, Ala.R.Civ.P., deprives a court of jurisdiction and renders judgment by default void."). Further, it is well-settled that a default judgment against a party that was not properly served is void for lack of personal jurisdiction. *See, e.g.*, *Shaddix*, 603 So.2d at 1098–99; *Wright v. Rogers*, 435 So.2d 90, 91 (Ala. Civ. App. 1983) ("Failure of personal service of original process upon a defendant renders a judgment by default void.").

In this case, the Defendant was not properly served with service of process as required by Alabama law. In violation of the requirements of Rule 4(c), Thompson has not been served with the Summons and Complaint at her dwelling house or usual place of abode. *See* Exhibit 2, ¶ 4. Plaintiffs attempted to serve Thompson by simply mailing the Summons and Complaint to the Oklahoma Address. *See* Exhibit 1.   And, while the return on service bears a receipt stamp, it is not signed by Thompson or any other individual. *See* Exhibit 2, ¶ 5. By mailing a copy of the Summons and Complaint to Thompson at an office address, Plaintiffs have not complied with the requirements of Rule 4(c)(1) sufficient to allow the Court to acquire personal jurisdiction over Thompson.  As a result, the Court is required to deny the request to enter a default judgment against Thompson because any such judgment entered against her in the absence of proper service of process is similarly void. *See generally Bank of Am. Corp. v. Edwards*, 881 So. 2d 403 (Ala. 2003); *Horizons 2000, Inc. v. Smith*, 620 So. 2d 606 (Ala. 1993).

28911530 v1

## <u>CONCLUSION</u>

Because the Defendant has not been properly served with the Summons and Complaint, this Honorable Court does not have personal jurisdiction over her and is bound by Alabama law to deny Plaintiffs' Application to Clerk for Entry of Default.  As a result, Defendant Jennifer Thompson respectfully requests that this Honorable Court enter an Order denying Plaintiffs' Application to Clerk for Entry of Default and grant her such other and further relief as this Court deems just and appropriate under the circumstances.

Respectfully submitted,

*/s/ Stephen Bumgarner*
Stephen Bumgarner (BUM001)

ATTORNEY FOR DEFENDANT
JENNIFER THOMPSON

**OF COUNSEL:**
BURR & FORMAN LLP
420 North 20th Street
3400 Wells Fargo Tower
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

4

28911530 v1

## CERTIFICATE OF SERVICE

I hereby certify that on this the 19th day of January, 2017, I electronically filed the foregoing with the Clerk of the Court by Alafile and served a true and correct copy of the foregoing via U.S. Mail on the following:

Jay and Gail Kelley
9022 Marsh Mountain Road
Pinson, AL 35126

/s/ Stephen Bumgarner
OF COUNSEL

28911530 v1

# EXHIBIT 1

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Jennifer Thompson

2401 NW 23rd Street

Suite 1 A1

Oklahoma City, Oklahoma 73107

CV2016-0375                    D003



9590 9401 0050 5168 0546 47

2. Article Number (Transfer from service label)

7016 1970 0000 8954 2603

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X                                    ☐ Agent
                                     ☐ Address

B. Received by (Printed Name)        C. Date of Deliv

RECEIVED

NOV 0 7 2016

Novad Management Consulting, LLC.

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
   ($500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restri
   Delivery
☑ Return Receipt for
   Merchandise
☐ Signature Confirmation
☐ Signature Confirmation
   Restricted Delivery

PS Form 3811, April 2015 PSN 7530-02-000-9053                    Domestic Return Recei

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•

ANNE-MARIE ADAMS, CLERK
ROOM 400 JEFF. CO. COURTHOUSE
716 RICHARD ARRINGTON JR BLVD. NO.
BIRMINGHAM, ALABAMA 35203

FILED IN OFFICE
CIRCUIT CIVIL DIVISION

NOV 10 2016

ANNE-MARIE ADAMS
CLERK

USPS TRACKING #

9590 9401 0050 5168 0546 47



# EXHIBIT 2

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| JAY KELLEY and<br>GAIL KELLEY,<br>          Plaintiffs, | )<br>)<br>)<br>) |
| v. | )<br>) |
| NOVAD MANAGEMENT<br>CONSULTING, EVERRET<br>DAVON KELLY, and<br>JENNIFER THOMPSON,<br><br>          Defendants. | )  CIVIL ACTION NO.<br>)  CV-2016-000375.00<br>)<br>)<br>)<br>)<br>)<br>) |

### AFFIDAVIT OF JENNIFER THOMPSON

COUNTY OF OKLAHOMA)
STATE OF OKLAHOMA)

PERSONALLY APPEARED before the undersigned officer, duly authorized to administer oaths, Jennifer Thompson, who states under oath as follows:

1.     My name is Jennifer Thompson. I am over the age of twenty-one (21) years and am competent to testify to the matters stated herein.

2.     The statements set forth in this affidavit are based upon my personal knowledge.

3.     I am employed by NOVAD as a Loan Specialist.

4.     I was not personally served with the Summons and Complaint in this matter. The address listed on the Return of Service addressed to me - 2401 NW 23rd Street Suite 1A1, Oklahoma City, Oklahoma 73107 - is not my dwelling house or usual place of abode. And, the Summons and Complaint were not delivered to an agent authorized to receive service of process on my behalf.

28886405 v1

5.     The return receipt for service of process directed to me does not bear a signature and, specifically, does not bear my signature or the signature of anyone authorized to accept service of process on my behalf.

**FURTHER AFFIANT SAYETH NOT.**

DATED: January 19 , 2017.

By _____
Jennifer Thompson

I, Emma Scott , a Notary Public in and for said County in said State, hereby certify that Jennifer Thompson, whose name is signed to the foregoing AFFIDAVIT OF JENNIFER THOMPSON, and who is known to me, acknowledged before me on this day that, being informed of the contents of such instrument, she executed the same voluntarily on the day the same bears date.

Given under my hand and seal, this 19 day of January, 2017.

_____
NOTARY PUBLIC

[SEAL]

EMMA SCOTT
Notary Public in and for the
State of Oklahoma
Commission #14002565
My Commission expires 3/17/2018

My Commission Expires: 3/17/2018

## SENDER: *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

**Jennifer Thompson**

**2401 NW 23rd Street**

**Suite 1 A1**

**Oklahoma City, Oklahoma 73107**

**CV2016-0375          D003**

9590 9401 0050 5168 0546 47

2. Article Number *(Transfer from service label)*

7016 1970 0000 8954 2603

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X

☐ Agent

☐ Addressee

B. Received by *(Printed Name)*          C. Date of Delivery

RECEIVED

NOV 0 7 2016

Novad Management Consulting, LLC.

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
- ☐ Adult Signature
- ☐ Adult Signature Restricted Delivery
- ☑ Certified Mail®
- ☐ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- ☐ Insured Mail
- ☐ Insured Mail Restricted Delivery (over $500)

- ☐ Priority Mail Express®
- ☐ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ☑ Return Receipt for Merchandise
- ☐ Signature Confirmation™
- ☐ Signature Confirmation Restricted Delivery

PS Form **3811**, April 2015 PSN 7530-02-000-9053          Domestic Return Receipt

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•

ANNE-MARIE ADAMS, CLERK
ROOM 400 JEFF. CO. COURTHOUSE
716 RICHARD ARRINGTON JR BLVB. NO.
BIRMINGHAM, ALABAMA 35203

FILED IN OFFICE
CIRCUIT CIVIL DIVISION

NOV 10 2016

ANNE-MARIE ADAMS
CLERK

USPS TRACKING #



9590 9401 0050 5168 0546 47

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Jennifer Thompson

2401 NW 23rd Street

Suite 1 A1

Oklahoma City, Oklahoma 73107

CV2016-0375          D003

9590 9401 0050 5168 0546 47



2. Article Number (Transfer from service label)

7016 1970 0000 8954 2603

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X

☐ Agent
☐ Addressee

B. Received by (Printed Name)          C. Date of Delivery

RECEIVED

NOV 0 7 2016

Novad Management Consulting, LLC.

D. Is delivery address different from item 1?   ☐ Yes
    If YES, enter delivery address below:          ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
    Mail Restricted Delivery
    300)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, April 2015 PSN 7530-02-000-9053          Domestic Return Receipt

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•

ANNE-MARIE ADAMS, CLERK
ROOM 400 JEFF. CO. COURTHOUSE
716 RICHARD ARRINGTON JR BLVD. NO.
BIRMINGHAM, ALABAMA 35203

FILED IN OFFICE
CIRCUIT CIVIL DIVISION

NOV 10 2016

ANNE-MARIE ADAMS
CLERK

USPS TRACKING #

9590 9401 0050 5168 0546 47

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Everret Davon Kelley

2401 NW 23rd Street

Suite 1 A1

Oklahoma City, Oklahoma 73107

CV2016-0375                    D002



9590 9401 0050 5168 0546 30

2. Article Number (Transfer from service label)

7016 1970 0000 8954 2597

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X

Hoyed Management Consulting, LLC

☐ Agent
☐ Addressee

B. Received by (Printed Name)          C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:          ☐ No

RECEIVED

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ ___ Mail
☐ ___ Mail Restricted Delivery
    (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, April 2015 PSN 7530-02-000-9053          Domestic Return Receipt

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

* Sender: Please print your name, address and

**FILING OFFICE**
**CIRCUIT CIVIL DIVISION**

ANNE-MARIE ADAMS, CLERK
ROOM 400 JEFF. CO. COURTHOUSE
716 RICHARD ARRINGTON JR BLVD NO.
BIRMINGHAM, ALABAMA 35203

NOV 1 0 2016

ANNE-MARIE ADAMS
CLERK

USPS TRACKING #



9590 9401 0050 5168 0546 30

# IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| **JAY KELLEY and** ) | |
| **GAIL KELLEY** ) | |
| ) | |
| **Plaintiffs** ) | |
| ) | |
| **VS.** ) | **CASE NO. CV2016-000375.00** |
| ) | |
| ) | **JUDGE MICHAEL G. GRAFFEO** |
| **NOVAD MANAGEMENT** ) | |
| **CONSULTING, EVERRET** ) | |
| **DAVON KELLY, and** ) | |
| **JENNIFER THOMPSON** ) | |
| ) | |
| **Defendants** ) | |

```
FILED IN OFFICE
CIRCUIT CIVIL DIVISION

MAY 0 9 2017

ANNE-MARIE ADAMS
CLERK
```

## Service On Defendants

Pursuant to the Court's Order of April 17, 2017, Plaintiffs hereby certify that Defendants have been served with a copy of the Complaint in accordance with the attached Certificate of Service.

## Certificate of Service

We hereby certify that on the ___9 th___ day of ___May___ 2017, we filed the forgoing with the Clerk of the Court and served a copy of same via U S Mail on the following:

NOVAD Management Consulting, LLC

CSC Lawyers Incorporated Srvc Inc.

150 South Perry Street

Montgomery, AL 36104

Everett Davon Kelly

CSC Lawyers Incorporated Srvc Inc.

150 South Perry Street

Montgomery, AL 36104

Stephen Bumgardner .

Attorney for Jennifer Thompson

420 North 20th Street

3400 Wells Fargo Tower
Birmingham, AL 35203

___Jay Kelley___
Jay Kelley

___Gail Kelley___
Gail Kelley

| State of Alabama<br>Unified Judicial System<br><br>Form C-34        Rev. 7/2016 | **SUMMONS**<br>**-CIVIL-** | Court Case Number<br><br>CV201600375 |
|---|---|---|

IN THE _Circuit_ COURT OF _Jefferson_ COUNTY, ALABAMA
<br>*(Circuit District or Juvenile)*          *(Name of County)*

_Jay & Gail Kelley_  v.  _Novad Management Consulting_

*[Name(s) of Plaintiff(s)]*          *[Name(s) of Defendant(s)]*

NOTICE TO: _Novad Management Consulting_
<br>*(Name of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), _Jay Kelley & Gail Kelley - Pro Se_ WHOSE ADDRESS(ES) IS/ARE _9022 Marsh Mountain Road_
<br>*(Name(s) of Attorney(s))*
<br>_Pinson AL 35126_
<br>*[Address(es) of Plaintiff(s) or Attorney(s)]*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN _30_ DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENTS.

---

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☐ Service by certified mail of this Summons is initiated upon the written request of _____
<br>*[Name(s)]*

pursuant to the Alabama Rules of Civil Procedure. _Anne-Marie Adams_ By: _____

**NOV 0 3 2016**
<br>*(Date)*          *(Signature of Clerk)*

---

☒ Certified Mail is hereby requested.     _Jay Kelley_
<br>*(Plaintiff's Attorney's Signature)*

FILED IN OFFICE
<br>CIRCUIT CIVIL DIVISION
<br>NOV 0 1 2016
<br>ANNE-MARIE ADAMS
<br>CLERK

---

### RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____.
<br>*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____
<br>_____ in _____ County,
<br>*(Name)*          *(Name of County)*
<br>Alabama on _____.
<br>*(Date)*

_____
<br>*(Type of Process Server)*          *(Address of Server)*

_____
<br>*(Phone Number of Server)*

5005462

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits

1 Article Addressed to

**NOVAD Management Consulting**
**2401 NW 23rd Street**
**Suite 1 A1**
**Oklahoma City, Oklahoma 73107**
**CV2016-0375            D001**

9590 9401 0050 5168 0546 23

2 Article Number *(Transfer from service label)*

7016 1970 0000 8954 2580

**COMPLETE THIS SECTION ON DELIVERY**

A Signature

X ☐ Agent
☐ Addressee

B Received by *(Printed Name)*     C. Date of Delivery

D Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below   ☐ No

3 Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
      lail Restricted Delivery
      0)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, April 2015 PSN 7530-02-000-9053          Domestic Return Receipt

---

7016 1970 0000 8954 2580

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

Certified Mail Fee
$

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt *(hardcopy)*     $
☐ Return Receipt *(electronic)*    $
☐ Certified Mail Restricted Delivery  $
☐ Adult Signature Required       $
☐ Adult Signature Restricted Delivery $

Postage
$

Total Postage and Fees
$

Sent To

Street and Apt No., or PO Box No.

City, State, ZIP+4®

PS Form 3800, April 2015 PSN 7530-02-000-9047          See Reverse for Instructions

Postmark
Here

| State of Alabama<br>Unified Judicial System<br><br>Form C-34      Rev. 7/2016 | **SUMMONS**<br>**-CIVIL-** | Court Case Number<br><br>CV201600375 |
|---|---|---|

IN THE _Circuit_ COURT OF _Jefferson_ COUNTY, ALABAMA
*(Circuit, District or Juvenile)*     *(Name of County)*

_Jay & Gail Kelley_     v. _Everret Davon Kelley_

*[Name(s) of Plaintiff(s)]*     *[Name(s) of Defendant(s)]*

NOTICE TO: _Everret Davon Kelley_
*(Name of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), _Jay & Gail Kelley - Pro Se_ WHOSE
*[Name(s) of Attorney(s)]*

ADDRESS(ES) IS/ARE _9022 Wash Mountain Rd. - Pinson, AL 35126_

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN _30_ DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENTS.

---

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☐ Service by certified mail of this Summons is initiated upon the written request of _____
*[Name(s)]*

pursuant to the Alabama Rules of Civil Procedure.

_NOV 0 3 2016_     _Anne-Marie Adams_     By: _____
*(Date)*     *(Signature of Clerk)*

---

☒ Certified Mail is hereby requested.     _____
*(Plaintiff's/Attorney's Signature)*

FILED IN OFFICE
CIRCUIT CIVIL DIVISION
NOV 0 1 2016
ANNE-MARIE ADAMS
CLERK

---

**RETURN ON SERVICE**

☐ Return receipt of certified mail received in this office on _____ .

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,
*(Name)*     *(Name of County)*

Alabama on _____
*(Date)*

_____     _____
*(Type of Process Server)*     *(Address of Server)*

_____
*(Phone Number of Server)*

5005463

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3
- Print your name and address on the reverse so that we can return the card to you
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Everret Davon Kelley
2401 NW 23rd Street
Suite 1 A1
Oklahoma City, Oklahoma 73107
CV2016-0375                    D002

9590 9401 0050 5168 0546 30

2. Article Number (Transfer from service label)

7016 1970 0000 8954 2597

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X
☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
(over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, April 2015 PSN 7530-02-000-9053                    Domestic Return Receipt



7016 1970 0000 8954 2597

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

Certified Mail Fee
$

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)         $
☐ Return Receipt (electronic)       $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required          $
☐ Adult Signature Restricted Delivery $

Postage
$

Total Postage and Fees
$

Sent To

Street and Apt. No., or PO Box No.

City, State, ZIP+4®

PS Form 3800, April 2015 PSN 7530-02-000-9047       See Reverse for Instructions

Postmark
Here

| State of Alabama<br>Unified Judicial System<br><br>Form C-34      Rev. 7/2016 | **SUMMONS<br>-CIVIL-** | Court Case Number<br><br>CV201600375 |
|---|---|---|

IN THE _Circuit_ COURT OF _Jefferson_ COUNTY, ALABAMA
<br>(Circuit, District, or Juvenile)        (Name of County)

_Jay & Gail Kelley_                v.    _Jennifer Thompson_

[Name(s) of Plaintiff(s)]                         [Name(s) of Defendant(s)]

NOTICE TO:  _Jennifer Thompson_
<br>(Name of Defendant)

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND
YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS YOU OR YOUR ATTORNEY ARE
REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH
ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT A COPY OF
YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S)
OR ATTORNEY(S) OF THE PLAINTIFF(S). _Jay & Gail Kelley - Pro Se_                WHOSE
<br>[Name(s) of Attorney(s)]

ADDRESS(ES) IS/ARE: _9022 Marsh Mountain Rd. - Pinson, AL 35126_

[Address(es) of Plaintiff(s) or Attorney(s)]

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN _30_ DAYS AFTER THIS SUMMONS AND
COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE
RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER
DOCUMENTS.

---

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL
PROCEDURE TO SERVE PROCESS:**

☐  You are hereby commanded to serve this Summons and a copy of the Complaint or other document in
this action upon the above-named Defendant.

☐  Service by certified mail of this Summons is initiated upon the written request of _____
<br>[Name(s)]

pursuant to the Alabama Rules of Civil Procedure _Anne-Marie Adams_

**NOV 0 3 2016**                                  By: _____
<br>(Date)                    (Signature of Clerk)

---

☒  Certified Mail is hereby requested.   _____
<br>(Plaintiff's Attorney's Signature)

---

**RETURN ON SERVICE**

☐  Return receipt of certified mail received in this office on _____

☐  I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

(Name)              (Name of County)

Alabama on _____.

(Date)

_____              _____
<br>(Type of Process Server)              (Address of Server)

_____
<br>(Phone Number of Server)

FILED IN OFFICE
CIRCUIT CIVIL DIVISION

NOV 01 2016

ANNE-MARIE ADAMS
CLERK

5005464

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3
- Print your name and address on the reverse so that we can return the card to you
- Attach this card to the back of the mailpiece, or on the front if space permits

1. Article Addressed to

Jennifer Thompson
2401 NW 23rd Street
Suite 1 A1
Oklahoma City, Oklahoma 73107
CV2016-0375          D003

9590 9401 0050 5168 0546 47

2. Article Number (Transfer from service label)
7016 1970 0000 8954 2603

PS Form 3811, April 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                                    ☐ Agent
                                     ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below          ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery ($500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

---

7016 1970 0000 8954 2603

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

Certified Mail Fee
$

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)        $
☐ Return Receipt (electronic)      $
☐ Certified Mail Restricted Delivery  $
☐ Adult Signature Required          $
☐ Adult Signature Restricted Delivery $

Postage
$

Total Postage and Fees
$

Sent To

Street and Apt. No., or PO Box No.

City, State, ZIP+4®

Postmark
Here

PS Form 3800, April 2015 PSN 7530-02-000-9047          See Reverse for Instructions

# IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| **JAY KELLEY and** | ) |
| **GAIL KELLEY** | ) |
| | ) |
| **Plaintiffs** | ) |
| | ) |
| **VS.** | ) |
| | ) |
| **NOVAD MANAGEMENT** | ) |
| **CONSULTING , EVERRET** | ) |
| **DAVON KELLY, and** | ) |
| **JENNIFER THOMPSON** | ) |
| | ) |
| **Defendants** | ) |

CV2016003?5

```
FILED IN OFFICE
CIRCUIT CIVIL DIVISION
NOV 01 2016
ANNE-MARIE ADAMS
CLERK
```

## COMPLAINT

Comes Plaintiffs Jay and Gail Kelley in and for themselves *Pro Se*; and under solemn oath, state and declare that the above named Defendants have knowingly and willfully set out to defraud said Plaintiffs out of hundreds of thousands of dollars, and in support thereof states as follows:

1.   Plaintiffs are resident citizens of the State of Alabama, are over 21 years of age, have been married for 59 years, and have resided at 9022 Marsh Mountain Road, Pinson, AL 35126 for the past 36 years.

2.   Defendant NOVAD Management Consulting (NOVAD) is a private contractor located in Oklahoma City, OK, and is acting as a debt collector for HUD (Housing and Urban Development).

3.    Several years ago, Plaintiffs decided to enter into a United States Government sponsored reverse mortgage.

4.    The essence of a reverse mortgage is that the homeowner(s) receive an amount of money from the mortgage company based upon the amount of equity the homeowner(s) have in the property. The homeowner(s) are then allowed to live in their homes until their death(s), at which time their heirs have the right to repay the amount received by the deceased owners, plus interest, or the property reverts to the mortgage company.

5.    For many years, Plaintiffs' reverse mortgage was faithfully serviced by MetLife Home Loans (See "Attachment A").

6.    Sometime later Champion Mortgage acquired the reverse mortgage from MetLife, and Champion also faithfully serviced the account for many years.

7.    However, Plaintiffs recently received a letter from Champion dated April 19, 2016 stating that the servicing of the reverse mortgage had been assigned to HUD. This letter further stated that HUD had notified Champion that the administration and servicing of the reverse mortgage would be transferred to Defendant NOVAD Management Consulting effective May 8, 2016. (See "Attachment B" for Champion Letter of April 19, 2016).

8.    On October 22, 2016, Plaintiffs received a letter dated October 17, 2016 from NOVAD Defendant Jennifer Thompson reiterating the five circumstances under which a reverse mortgage becomes due and payable. Ms. Thompson lists the five circumstances as follows:

       a.  All mortgages have sold or conveyed title to the property.

       b.  The property is no longer the principal residence of at least one mortgagor for reasons other than death.

       c.  The Property has not been resided in as a principal residence for a period exceeding 12 months due to physical or mental illness.

    d.  The property is in disrepair and the mortgagor has refused to or is unable to
        to repair the property.

    e.  The mortgagor violates one or more of the following covenants of the
        mortgage namely: failure to pay property taxes and/or assessments, failure
        to keep current homeowners insurance coverage or refusal to comply with
        the covenants and conditions of the mortgage.

9.    Inexplicably, and without any explanation whatsoever, Defendant Jennifer Thompson's
letter goes on and makes the outrageous statement that:

> "One of the circumstances stated above has occurred and placed this loan in
> a due and payable status which requires the debt to be repaid.
> **The total amount due and payable as of 11/16/2016 is $287,685.15"**
> (Please see "Attachment C" for copy of Defendant NOVAD's letter dated October
> 17, 2016)

10.  Plaintiffs asks the Court to note that Defendant NOVAD asserts that "One of the
circumstances stated above has occurred".

11.  Plaintiffs also asks the Court to note that while Defendant NOVAD lists the five
circumstances that places the reverse mortgage "in a due and payable status", NOVAD is
apparently unable, or incapable of stating exactly which one of these circumstances has occurred.
This raises a very important question: Is this some kind of a guessing game where the Plaintiffs,
and this Court, are left to guess which one of the five "circumstances" has occurred?

12.  The truth is, and the evidence clearly shows, that none of Defendant NOVAD's five
listed "circumstances" has occurred.

13.  Therefore, in lieu of Defendants' outrageous, ambiguous, and wrongful statement that:
*"One of the circumstances stated above has occurred and placed this loan in a due and payable
status which requires the debt to be repaid"*, Plaintiffs hereby demands that Defendants state, in

a clear and precise language exactly which "One" of the five listed circumstances has supposedly occurred.

14.  It is incomprehensible, and defies all understanding, that these Defendants are apparently so inept, so incompetent, and/or so corrupt, that they fail to state exactly what "circumstance" has occurred that requires Plaintiff's to pay Defendants $287,685.15. In other words these Defendants aren't sure of exactly which one of the five circumstances have occurred, but they are practically, nearly, maybe, almost sure; "That one of the circumstances stated above has occurred".

15.  To address the wrongful actions contained in Defendants' outrageous letter of October 17, 2016, Plaintiffs offer the following:

  a.  Mortgagors (Plaintiffs) have not sold or conveyed title to the property; and Plaintiff's demand that Defendants present evidence to the contrary.
  b.  The property is in fact the principal residence of the mortgagors; and Plaintiffs hereby demand that Defendants present evidence to the contrary.
  c.  Plaintiffs have continuously owned and occupied the property for the past 36 years; and Plaintiffs hereby demand that Defendants present evidence to the contrary.
  d.  The property is not in disrepair, nor has the mortgagors refused or been unable to repair the property; and Plaintiffs hereby demand that Defendants present evidence to the contrary.
  e.  There are no property taxes nor assessments due on the property, and Plaintiff's homeowners insurance is current and in full force and effect. Further, both Plaintiffs are over the age of 65 and are therefore exempt from property taxes under the laws of the State of Alabama; and Plaintiffs hereby demand that Defendants present evidence to the contrary.

**WHEREFORE**, Premises Considered, Plaintiff submits that the evidence submitted herein, clearly shows that Defendants' wrongful contention that "One of the above circumstances has occurred", is arbitrary and capricious, is without supporting evidence, has no basis in fact, is clearly an intentional act of deceit and deception, and is designed to defraud Plaintiffs out of hundreds of thousands of dollars.

**WHEREFORE**, Premises Considered, the evidence clearly show that Defendants' wrongful acts constitute the felonious act of Grand Larceny and cannot be allowed to stand.

**WHEREFORE**, Premises Considered, Plaintiffs demand compensatory damages against NOVAD's HECM Loan Specialist, Defendant Jennifer Thompson, in the amount of ten thousand dollars ($10,000.00), and punitive damages in the amount of fifty thousand dollars ($50,000.00)

**WHEREFORE**, Premises Considered, Plaintiffs demand compensatory damages against NOVAD's CEO, Defendant Everret Davon Kelly, in the amount of twenty-five thousand dollars ($25,000.00), and punitive damages in the amount of two hundred eighty-seven thousand, six hundred eighty-five dollars, and fifteen cents ($287,685.15).

**WHEREFORE**, Premises Considered, Plaintiffs demand compensatory damages against Defendant NOVAD Management Consulting, in the amount of twenty-five thousand dollars ($25,000.00), and punitive damages in the amount of five million dollars ($5,000,000.00).

Respectfully Submitted,

Jay Kelley- Plaintiff

Gail Kelley- Plaintiff

Plaintiffs demand a trial by struck jury.


Jay and Gail Kelley
9022 Marsh Mountain Road
Pinson, AL 35126
(205) 681-6777




Serve Defendant NOVAD Management Consulting at:
2401 NW 23rd Street - Suite 1A1
Oklahoma City, OK 73107


Serve Defendant Everret Davon Kelley at:
2401 NW 23rd Street - Suite 1A1
Oklahoma City, OK 73107


Serve Defendant Jennifer Thompson at:
2401 NW 23rd Street - Suite 1A1
Oklahoma City, OK 73107

# "Attachment A"

**Copy of MetLife Monthly Reverse Mortgage Statement for The period of July 31, 2010 to August 31, 2010.**

# MetLife®

**MetLife Home Loans**
a Division of MetLife Bank, N.A.
P O Box 40724
Lansing MI 48901-7924

# Monthly Reverse Mortgage Statement

P.O. Box 40724
Lansing MI 48901-7924
Customer Service: (866) 654-0020
Toll Free Fax: (866) 616-2160

⁺ 0300161 000019615 09CRM1-0949400-001-P1
GAIL BLANKENSHIP KELLEY
JAY KELLEY
9022 MARSH MOUNTAIN ROAD
PINSON, AL 35126-2024

| **Account Number: 1043786** |
| --- |

Loan Type: HECM
Current Payment Plan: Line of Credit
Current Loan Status  Active

# THIS IS NOT A BILL

| Statement Period: July 31 2010 to August 31 2010 | |
| --- | --- |
| **Principal Limit Information** | **Line-Of-Credit Information** |

| Principal Limit Information | | Line-Of-Credit Information | |
| --- | --- | --- | --- |
| Original Principal Limit | $195,440.00 | Original Line-Of-Credit Reserve | $0.00 |
| + Growth of Principal Limit | $5,997 10 | + Growth of Line-Of-Credit | $755 09 |
| - Service Fee Set Aside | $4,909 76 | - Current Line-Of-Credit Loan Balance | $0.00 |
| - Current Total Loan Balance | $195,772.25 | - Repair Set Aside | $0.00 |
| - Repair Set Aside | $0.00 | - 1st Year Property Charges Set Aside | $0.00 |
| - Tax & Insurance Set Aside | $0 00 | | |
| - 1st Year Property Charges Set Aside | $0.00 | | |
| | | **Current Available Line-Of-Credit** | $755.09 |
| **Current Net Principal Limit** | $755.09 | | |

| Interest Rate Information | | |
| --- | --- | --- |
| | MIP Rates | Loan Interest Rates |
| Current Daily Periodic Rate | 0.00137% | 0.01523% |
| Current Monthly Periodic Rate | 0.04167% | 0.46333% |
| Current Annual Percentage Rate | 0.50000% | 5.56000% |

| Detailed Transaction Information | | |
| --- | --- | --- |
| Previous Total Loan Balance | | **$194,758.72** |
| 08/31/2010 | Monthly Servicing Fee | $30.00 |
| 08/31/2010 | Monthly Interest | $902.38 |
| 08/31/2010 | Monthly Mortgage Insurance Premium | $81 15 |
| | **Current Total Loan Balance** | **$195,772.25** |



# "Attachment B"

## Copy of Champion Letter of April 19, 2016



Champion
MORTGAGE

Reverse Mortgage Servicing Department
P.O Box 619093 • Dallas, TX 75261-9093
(855) 683-3095 Office
(866) 621-1036 Fax

April 19, 2016

GAIL BLANKENSHIP & JAY KELLEY
9022 MARSH MOUNTAIN ROAD
PINSON, AL 35126

RE: Transfer of Servicing
Loan Number #1043786
FHA Case # 0116374103

Dear GAIL BLANKENSHIP & JAY KELLEY:

This letter is notification that your reverse mortgage has been assigned to HUD.

We have been notified by HUD that the administration and servicing of your reverse mortgage will be transferred to Novad Management Consulting effective May 8, 2016

The transfer of servicing is a common practice in the mortgage banking industry. Please be assured that this change will not affect the terms and conditions of your original note and payment plan.

Should you wish to communicate with Novad Management Consulting, their address and phone number are listed below:

Novad Management Consulting
Shepherd's Mall
2401 NW 23rd St, Suite 1A1
Oklahoma City, OK 73107
Attention: Reverse Mortgage
Toll Free Phone: (877) 622-8525



We have enjoyed working with you and appreciate your business.

Sincerely,

Reverse Mortgage Servicing Department

Champion Mortgage is a debt collector. This may be an attempt to collect a debt and any information obtained will be used for that purpose. However, if you are currently in bankruptcy or have received a discharge in bankruptcy, this communication is not an attempt to collect a debt from you personally to the extent that it is included in your bankruptcy or has been discharged, but is provided for informational purposes only.

# "Attachment C"

**Copy of Defendant NOVAD's letter dated October 17, 2016**



October 17, 2016

*KELVO - OCT. 1' : `<handwritten>`*

**GAIL B KELLEY**
**9022 MARSH MOUNTAIN RD**
**PINSON, AL 35126**

| | |
|---|---|
| Subject | Repayment Letter |
| FHA Case # | 011-6374103 |
| Borrower Name(s): | GAIL B KELLEY, JAY R KELLEY |
| Property Address: | 9022 MARSH MOUNTAIN RD |
| | PINSON, AL 35126 |

Dear Borrower

According to the terms and conditions of the mortgage this loan becomes due and payable for any of the following reasons:

- All mortgagors have sold or conveyed title to the property.
- The property is no longer the principal residence of at least one mortgagor for reasons other than death.
- The property has not been resided in as a principal residence for a period exceeding 12 months due to physical or mental illness.
- The property is in disrepair and the mortgagor has refused or is unable to repair the property.
- The mortgagor violates one or more of the following covenants of the mortgage namely failure to pay property taxes and/or assessments, failure to keep current homeowners insurance coverage or refusal to comply with the covenants and conditions of the mortgage.

One of the circumstances stated above has occurred and placed this loan in a due and payable status which requires the debt to be repaid
**The total amount due and payable as of 11/16/2016 is $287,685.15.**

A Deed-in-Lieu of foreclosure may be considered provided the property is free or can be freed of any liens other than the HUD *Home Equity Conversion Mortgage* A Short Sale of the property may also be considered. Detailed letters for both of these options are enclosed

If you would like to discuss this matter please call your HECM Housing Counselor at (877) 622-8525 extension 0, Monday through Friday, between 8:00 a.m. and 5:00 p.m. Central Standard Time You must respond within thirty (30) days from the date of this letter

If on the other hand you prefer to write us about this matter, please send all correspondence to the following address.

**NOVAD Management Consulting LLC**
**The Department of Housing and Urban Development**
**Attn: Jennifer Thompson**
**2401 NW 23rd Street, Suite 1A1**
**Oklahoma City, OK 73107**

Sincerely,

Jennifer Thompson
HECM Loan Specialist

*NOVAD Management Consulting LLC as Contractor for The Department of Housing and Urban Development is a debt collector and is attempting to collect on a debt. Any information obtained shall be used for that purpose.*

Loan Skey 3914

# "Attachment D"

## Copy of Plaintiffs Homeowners Policy

**Safeco** Insurance
A Liberty Mutual Company

## SAFECO INSURANCE COMPANY OF AMERICA
Home Office: 62 Maple Ave, Keene, NH 03431 (A stock insurance company )
## HOMEOWNERS POLICY DECLARATIONS

**POLICY NUMBER:**
OF2050255

**POLICY PERIOD: FROM:** SEPT 10, 2016 12:01 A M
**TO:** SEPT 10, 2017 12:01 A.M

**NAMED INSURED AND MAILING ADDRESS:**
GAIL KELLEY
9022 MARSH MOUNTAIN RD
PINSON AL 35126-2024

**AGENT:**
BRIGGS INSURANCE AGENCY INC
PO BOX 94128
BIRMINGHAM     AL  35220-4128

**Valued Homeowners Customer Since: SEPT 10, 2010**

**INSURED LOCATION:**
Same

**POLICY SERVICE INFORMATION:**
**TELEPHONE:** (205) 853-8303
**E-MAIL:** SHATCHER@BRIGGSINS COM
**WEBSITE:** www.briggsins.com

**IMPORTANT MESSAGES**

- Your policy has changed effective September 10, 2016.

**LIMITS OF LIABILITY**
**(Policy Section I - Property Coverages and Section II - Liability Coverages)**

| Coverage A — Dwelling | Coverage B — Other Structures | Coverage C — Personal Property | Coverage D — Additional Living Expense | Coverage E — Personal Liability | Coverage F — Medical Payments |
|---|---|---|---|---|---|
| $464,200 | | $232,100 | $92,840 | $300,000 | $1,000 |

**DEDUCTIBLES.**
The following deductibles apply unless otherwise stated within the policy.

Section I - Property Coverages

**AMOUNT**
$   2,500

| | PREMIUM |
|---|---|
| BASIC COVERAGES OTHER COVERAGES, LIMITS AND OPTIONAL COVERAGES | $   2,585.00 |
| DISCOUNTS AND SURCHARGES | $      0.00 |
| | $    -558.00 |

**TOTAL POLICY PREMIUM:** | $   2,027.00

Premium Payer:   Insured

You may pay your premium in full or in installments. There is no installment fee for
the following billing plans: Full Pay. Installment fees for all other billing plans
are listed below. If more than one policy is billed on the installment bill, only
the highest fee is charged. The fee is:
$2.00 per installment for recurring automatic deduction (EFT)
$5.00 per installment for recurring credit card or debit card
$1.25 per installment for all other payment methods



## CERTIFICATE OF SERVICE

I hereby certify that on the ___1st___ Day of ___November___ 2016, a copy of the foregoing was served on the below listed parties by placing a copy of same in the United States Mail for Certified delivery with postage prepaid and properly addressed.


Jay Kelley - Plaintiff


Gail Kelly - Plaintiff


NOVAD Management Consulting
2401 NW 23rd Street - Suite 1A1
Oklahoma City, OK 73107


Everret Davon Kelly
NOVAD Management Consulting
2401 NW 23rd Street - Suite 1A1
Oklahoma City, OK 73107


Jennifer Thompson
NOVAD Management Consulting
2401 NW 23rd Street - Suite 1A1
Oklahoma City, OK 73107