THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAY KELLEY and GAIL KELLEY | ) ) ) |
| Plaintiffs | ) ) ) |
| VS. | ) Case No: 2:17-CV-0981-VEH ) |
| NOVAD MANAGEMENT CONSULTING, E. DAVON KELLY, and JENNIFER THOMPSON | ) ) ) ) ) |
| Defendants | ) |

## COMPLAINT

**(This Complaint is a "Repleader" amended to comply with the Court's Order of October 19, 2017).**

COMES Plaintiffs Jay Kelley and Gail Kelley, in and for themselves *Pro Se*; and under solemn oath, state and declare that the above named Defendants have, under the color of law, knowingly and willfully set out to defraud said Plaintiffs, and untold others, out of hundreds of thousands of dollars, and in support thereof states as follows:

1. First and foremost, it is apparent that Defendant Jennifer Thompson is only an underling, acting under the instructions of Defendant E. Davon Kelly, and therefore Plaintiffs hereby withdraws all claims against Ms. Thompson.

2. Plaintiffs are resident citizens of the State of Alabama, are over 21 years of age, have been married for 60 years, and have resided at 9022 Marsh Mountain Road, Pinson, AL 35126

for the past 36 years.

**3.**   Defendant NOVAD Management Consulting (Novad), is the alter ego, and second self, of Defendant Everret Davon Kelly (Hereinafter "Kelly"). See Plaintiffs Motion For this Court To Rescind Its Order Of September 20, 2017 Incorrectly Dismissing This Action Against Defendant Kelly As A Matter Of Law - Filed with this Court and served on Defendants on Oct. 17, 2016, and as cited *in italics* below.

---

*"1.   This Court has erred, and has erred greatly, in dismissing this action against Defendant E. Davon Kelly.*

*2.   On September 7, 2017, some 13 days prior to the Court's dismissal order, Plaintiffs filed a Motion for Default Judgment against Novad Management Consulting, LLC, (Novad), the alter ego and second self of Defendant E. Davon Kelly.*

*3.   At item 4 of Plaintiffs Default Motion, Plaintiffs cites the following:*

*"On June 20, 2017, Defendant filed a Corporate Disclosure Statement disclosing that E. Davon Kelly is the sole member of NOVAD Management Consulting, LLC. (Copy of Defendant's Disclosure Statement enclosed)*

*4.   At item 5 of Plaintiffs Default Motion, Plaintiffs sets out the fact that it is settled law that Defendant E. Davon Kelly, as the sole member of Novad, is therefore the "alter ego" of Novad and cites the following authority:*

*"Alter ego - Second self. Under doctrine of "alter ego", court merely discards corporate entity and holds individual responsible for acts knowingly and intentionally done in the name of the corporation. Ivy v. Plyer, 426.2d 678, 54 Cal. Rptr. 894, 897."*

5. *The law is clear that it is incumbent upon this Court to discard the corporate entity, Novad, and hold the individual, E. Davon Kelly, as the corporation's sole member, responsible for the acts done in the name of Novad.*

6. *However, this Court has failed to recognize that under the Alter ego doctrine, the corporate entity, Novad, has been discarded and no longer exists.*

7. *This Court has also failed to hold the individual, Defendant E. Davon Kelly, the alter ego and second self of the discarded corporation, responsible for the acts done in the name of the discarded corporation.*

8. *In fact, in its Aug. 28, 2017 Order Effecting Service, this Court fails to correctly cite "the individual", Defendant E. Davon Kelly, and continues to incorrectly cite the discarded corporate entity, Novad, by incorrectly and/or wrongfully stating:*

*"Novad was served with the summons and complaint on May 15, 2017. However, neither defendant Everret Davon Kelly ("Mr. Kelly") nor defendant Jennifer Thompson ("Ms. Thompson") has been served with process."*

9. *Here the Court is incorrect. There are no gray areas in this matter. Pursuant to the authority cited in item 4 above, the corporate entity, Novad, has been discarded and no longer exists. Therefore, since Novad has been discarded, and no longer exists pursuant to the Alter ego doctrine cited in item 4 above, Novad, as a discarded entity, could not have possibly been served with the summons and complaint as incorrectly set out in this Court's order of Aug. 28, 2017.*

10. *Further, this Court fails to recognize that it is settled law under the "Alter ego doctrine" it is the individual, Defendant E. Davon Kelly, as the discarded entity's alter ego, or second self, who is responsible for acts knowingly and intentionally done in the name of the discarded corporation, and who was properly served with the summons and complaint*

*on May 15, 2017.*

*11. Clearly, an entity that has been discarded, and no longer exists, could not have possibly been served with the summons and compliant.*

*12. Again, under the Alter ego doctrine, the corporate entity, Novad, has been discarded and no longer exists; and clearly, it is Defendant E. Davon Kelly, the alter ego and second self of the discarded corporate entity, and the individual responsible for acts knowingly and intentionally done in the name of the corporation, who was properly served with the summons and complaint on May 15, 2017.*

---

**4.** To continue. Several years ago, Plaintiffs decided to enter into a United States Government sponsored "Home Equity Conversion Mortgage" - (a. k. a. "reverse mortgage").

**5.** The essence of a reverse mortgage is that the homeowner(s) receive an amount of money from the mortgage company based upon the amount of equity the homeowner(s) have in the property. The homeowner(s) are then allowed to live in their homes until their death(s), at which time their heirs have the right to repay the amount received by the deceased owners, plus interest, or the property reverts to the mortgage company.

**6.** For many years, Plaintiffs' reverse mortgage was faithfully serviced by MetLife Home Loans (See "Attachment A").

**7.** Sometime later Champion Mortgage acquired the reverse mortgage from MetLife, and Champion also faithfully serviced the account for many years.

**8.** However, Plaintiffs received a letter from Champion dated April 19, 2016 stating that the servicing of the reverse mortgage had been assigned to HUD. This letter further stated that

HUD had notified Champion that the administration and servicing of the reverse mortgage would be transferred to Defendant Novad effective May 8, 2016. (See "Attachment B" for Champion Letter of April 19, 2016).

9. On October 22, 2016, Plaintiffs received a letter dated October 17, 2016 from Novad reiterating the five circumstances under which a reverse mortgage becomes due and payable. Novad lists the five circumstances as follows:

   a. All mortgages have sold or conveyed title to the property.
   b. The property is no longer the principal residence of at least one mortgagor for reasons other than death.
   c. The Property has not been resided in as a principal residence for a period exceeding 12 months due to physical or mental illness.
   d. The property is in disrepair and the mortgagor has refused to or is unable to to repair the property.
   e. The mortgagor violates one or more of the following covenants of the mortgage namely: failure to pay property taxes and/or assessments, failure to keep current homeowners insurance coverage or refusal to comply with the covenants and conditions of the mortgage.

10. Inexplicably, and without explanation, or any evidence whatsoever, Defendant Novad's letter goes on and makes the outrageous and wrongful statement that:

   "One of the circumstances stated above has occurred and placed this loan in a due and payable status which requires the debt to be repaid.
   **The total amount due and payable as of 11/16/2016 is $287,685.15**
   A deed-in-Lieu of foreclosure may be considered provided the property is free or can be freed of any liens other than the HUD Home Equity Conversion Mortgage. A short sale of the property may also be considered." (Please see "Attachment C" for copy of Defendant NOVAD's letter October 17, 2016)

**11.** Plaintiffs also asks this Court to note that while Defendant Kelly lists the five circumstances that places the reverse mortgage "in a due and payable status", Defendant Kelly is apparently unable, or incapable of stating exactly which one of these circumstances has occurred. This raises a very important question: Is this some kind of a guessing game where the Plaintiffs, and this Court are left to guess which one of the five "circumstances" has occurred?

**12.** The truth is, and the evidence clearly shows, that none of Defendant Kelly's five listed "circumstances" has occurred, and that such wrongful misconduct is apparently being perpetrated against innocent citizens throughout America.

**13.** Therefore, in regards to Defendants' outrageous, ambiguous, and wrongful statement that: *"One of the circumstances stated above has occurred and placed this loan in a due and payable status which requires the debt to be repaid"*, Plaintiffs hereby demands that Defendant Kelly state, in a clear and precise language, exactly which "One" of the five listed circumstances has supposedly occurred

**14.** It is incomprehensible, and defies all understanding, that Defendant Kelly is apparently so inept, so incompetent, and so corrupt, that he fails to state exactly what "circumstance" has occurred that requires Plaintiff's to pay Defendants $287,685.15. Again, this is corruption, under the color of law, that transcends all understanding.

**15.** To address the wrongful actions contained in Defendants' outrageous letter of October 17, 2016, Plaintiffs offer the following:

> a. Mortgagors (Plaintiffs) have not sold or conveyed title to the property; and Plaintiff's demand that Defendants present evidence to the contrary.
> **As of this date, Defendant Kelly has not presented any evidence to the contrary.**
> b. The property is in fact the principal residence of the mortgagors; and

Plaintiffs hereby demand that Defendants present evidence to the contrary. **As of this date, Defendant Kelly has not presented any evidence to the contrary.**

c. Plaintiffs have continuously owned and occupied the property for the past 36 years; and Plaintiffs hereby demand that Defendants present evidence to the contrary. **As of this date, Defendant Kelly has not presented any evidence to the contrary.**

d. The property is not in disrepair, nor has the mortgagors refused or been unable to repair the property; and Plaintiffs hereby demand that Defendants present evidence to the contrary. **As of this date, Defendant Kelly has not presented any evidence to the contrary.**

e. There are no property taxes nor assessments due on the property, and Plaintiff's homeowners insurance is current and in full force and effect. Further, both Plaintiffs are over the age of 65 and are therefore exempt from property taxes under the laws of the State of Alabama; and Plaintiffs hereby demand that Defendants present evidence to the contrary. **As of this date Defendant Kelly has not presented any evidence to the contrary.**

## DEFENDANT'S FRAUDULENT LETTER FILED WITH THE COURT ON JUNE 16, 2017 (DOC. 2-1)

**16.** In an apparent attempt to deceive this Court, on June 16, 2017, Defendants fabricated and backdated a letter wrongfully showing a date of September 27, 2016. This letter was never received by Plaintiffs, and even if it was, the letter makes no sense whatever, in that Novad wrongfully states that there is no hazard (homeowners) insurance on Plaintiffs home.

**17.** Plaintiffs are enclosing herewith a copy of proof of insurance from 09/10/2016 to 09/10/2017 of which a copy has been previously submitted to Defendants. Please note that Plaintiffs named Defendant Novad is named as the "Mortgage Servicing Agency for 1st Mortgage". (See "Attachment D" for Proof of Insurance).

## SERVICE ON DEFENDANTS

**18.** Service on Defendants NOVAD Management Consulting, LLC, the alter ego, and second self of E. Davon Kelly, was filed with the Court and served on defendants on May 15, 2017 (Doc. 16-1 at ¶ 1) which states:

*"Novad was served with the summons and complaint on May 15, 2017."*

## DISCOVERY

**19.** On Aug. 4, 2017, pursuant to Rules 33, 34, 37 and 69 of the Fed. R of Civ. P., Plaintiffs served Interrogatories and Production Of Documents on Defendant Kelly.

**20.** Pursuant to Rule 33 (b) (2) of the Fed. R. of Civ. P., Defendant Kelley <u>must</u> serve his answers and any objections within 30 days of being served. It has now been over 90 days since Defendant Kelly was severed, and he has failed and/or refused to respond.

**21.** On Oct. 17, 2017, Plaintiffs filed a Motion To Compel with this Court and severed Defendant E. Davon Kelly regarding Interrogatories and Production Of Documents. However, Defendant E. Davon Kelly still has not responded to Plaintiffs' Interrogatories and for Productions Of Documents. Therefore, Plaintiffs respectfully moves this Court to order Defendant E. Davon Kelly to respond to Plaintiffs' Interrogatories and Production Of Documents pursuant to the above cited Fed. R. of Civ. P.

**22.** Further, the requested Interrogatories and Production Of Documents are U. S. Government generated material and Plaintiffs are entitled to this material under 552 (a) (2) and 552 (a) (3) of the Freedom Of Information Act (FOIA).

## THE COURT HAS ERRED IN ITS ASSERTION THAT PLAINTIFFS' COMPLAINT IS AN IMPERMISSIBLE SHOTGUN PLEADING

**23.** A cursory review of this Complaint clearly reveals that there is only one count in Plaintiffs' Pleadings. However, at pg. 2 of its Order Requiring Repleader (Doc. 24-1), the Court inexplicably sets out the parameters of a "shotgun pleading". The Court goes on to state that "The typical shotgun pleading is one that contains several counts". Then, for whatever reasons, the Court precedes to incorrectly state: "Plaintiff's Complaint is an impermissible shotgun pleading that fails to comply with the pleading requirements of the Federal Rules of Civil Procedure". Again, and for whatever reasons, this Court incorrectly states that "Plaintiff's Complaint is an impermissible shotgun pleading".

**24.** Contrary to the Court's assertion that Plaintiffs' Complaint is a shotgun pleading, listed below is the one and only Count in Plaintiffs' pleading.

### COUNT ONE

Plaintiffs submit that the evidence submitted herein clearly shows that Defendants' wrongful contention that "One of the above circumstances has occurred", is arbitrary and capricious, is without supporting evidence, has no basis in fact, is clearly an intentional act of deceit and deception, designed to defraud Plaintiffs, and many others, out of hundreds of thousands, if not millions of dollars.

**WHEREFORE,** Premises Considered, Plaintiffs demand compensatory damages against Defendant Everret Davon Kelly ("Kelly"), in the amount of twenty-five thousand dollars


($25,000.00), and punitive damages in the amount of two hundred eighty-seven thousand, six hundred eighty-five dollars, and fifteen cents ($287,685.15).

**WHEREFORE,** Premises Considered, Plaintiffs demand compensatory damages against Defendant NOVAD Management Consulting (The alter ego and second self of "Everret Davon Kelly") in the amount of twenty-five thousand dollars ($25,000.00), and punitive damages in the amount of five million dollars ($5,000,000.00).

Respectfully Submitted,

Plaintiffs demand a trial by struck jury.

_____
Jay Kelley-Plaintiff

Jay and Gail Kelley
9022 Marsh Mountain Road
Pinson, AL 35126
(205) 681-6777

_____
Gail Kelley-Plaintiff

Serve NOVAD Management Consulting at:
CSC Lawyers Incorporated Srvc Inc.
150 South Perry Street
Montgomery, AL 36104

Serve Attorney Stephen Bumgarner at:
420 North 20th Street
3400 Wells Fargo Tower
Birmingham, AL 3520

Serve Defendant Everret Davon Kelly at:
CSC Lawers Incorporated Srvc Inc.
150 South Perry Street
Montgomery, AL 36104

# "Attachment A"

**Copy of MetLife Monthly Reverse Mortgage Statement for The period of July 31, 2010 to August 31, 2010.**

# MetLife

**MetLife Home Loans**
a Division of MetLife Bank, N.A.
P.O. Box 40724
Lansing MI 48901-7924

# Monthly Reverse Mortgage Statement

P.O. Box 40724
Lansing MI 48901-7924
Customer Service: (866) 654-0020
Toll Free Fax: (866) 616-2160

+ 0300161 000019615 09CRM1-0949400-001-P1
GAIL BLANKENSHIP KELLEY
JAY KELLEY
9022 MARSH MOUNTAIN ROAD
PINSON, AL 35126-2024

**Account Number: 1043786**

Loan Type: HECM
Current Payment Plan: Line of Credit
Current Loan Status: Active

## THIS IS NOT A BILL

**Statement Period: July 31 2010 to August 31 2010**

| Principal Limit Information | | Line-Of-Credit Information | |
|---|---:|---|---:|
| Original Principal Limit | $195,440.00 | Original Line-Of-Credit Reserve | $0.00 |
| + Growth of Principal Limit | $5,997.10 | + Growth of Line-Of-Credit | $755.09 |
| - Service Fee Set Aside | $4,909.76 | - Current Line-Of-Credit Loan Balance | $0.00 |
| - Current Total Loan Balance | $195,772.25 | - Repair Set Aside | $0.00 |
| - Repair Set Aside | $0.00 | - 1st Year Property Charges Set Aside | $0.00 |
| - Tax & Insurance Set Aside | $0.00 | | |
| - 1st Year Property Charges Set Aside | $0.00 | **Current Available Line-Of-Credit** | **$755.09** |
| **Current Net Principal Limit** | **$755.09** | | |

### Interest Rate Information

| | MIP Rates | Loan Interest Rates |
|---|---:|---:|
| Current Daily Periodic Rate | 0.00137% | 0.01523% |
| Current Monthly Periodic Rate | 0.04167% | 0.46333% |
| Current Annual Percentage Rate | 0.50000% | 5.56000% |

### Detailed Transaction Information

| | Previous Total Loan Balance | | $194,758.72 |
|---|---|---|---:|
| 08/31/2010 | Monthly Servicing Fee | | $30.00 |
| 08/31/2010 | Monthly Interest | | $902.38 |
| 08/31/2010 | Monthly Mortgage Insurance Premium | | $81.15 |
| | **Current Total Loan Balance** | | **$195,772.25** |

# "Attachment B"

## Copy of Champion Letter of April 19, 2016



Reverse Mortgage Servicing Department
P.O. Box 619093 • Dallas, TX 75261-9093
(855) 683-3095 Office
(866) 621-1036 Fax

April 19, 2016

GAIL BLANKENSHIP & JAY KELLEY
9022 MARSH MOUNTAIN ROAD
PINSON, AL 35126

RE: **Transfer of Servicing**
Loan Number #1043786
FHA Case # 0116374103

Dear GAIL BLANKENSHIP & JAY KELLEY:

This letter is notification that your reverse mortgage has been assigned to HUD.

We have been notified by HUD that the administration and servicing of your reverse mortgage will be transferred to Novad Management Consulting effective May 8, 2016

The transfer of servicing is a common practice in the mortgage banking industry. Please be assured that this change will not affect the terms and conditions of your original note and payment plan.

Should you wish to communicate with Novad Management Consulting, their address and phone number are listed below:

Novad Management Consulting
Shepherd's Mall
2401 NW 23rd St, Suite 1A1
Oklahoma City, OK 73107
Attention: Reverse Mortgage
Toll Free Phone: (877) 622-8525



We have enjoyed working with you and appreciate your business.

Sincerely,

Reverse Mortgage Servicing Department

Champion Mortgage is a debt collector. This may be an attempt to collect a debt and any information obtained will be used for that purpose. However, if you are currently in bankruptcy or have received a discharge in bankruptcy, this communication is not an attempt to collect a debt from you personally to the extent that it is included in your bankruptcy or has been discharged, but is provided for informational purposes only.

# "Attachment C"

**Copy of Defendant NOVAD's letter dated October 17, 2016**



October 17, 2016

Recv'd - Oct. 2...

GAIL B KELLEY
9022 MARSH MOUNTAIN RD
PINSON, AL 35126

Subject: Repayment Letter
FHA Case #: 011-6374103
Borrower Name(s): GAIL B KELLEY, JAY R KELLEY
Property Address: 9022 MARSH MOUNTAIN RD
PINSON, AL 35126

Dear Borrower:

According to the terms and conditions of the mortgage this loan becomes due and payable for any of the following reasons:

- All mortgagors have sold or conveyed title to the property.
- The property is no longer the principal residence of at least one mortgagor for reasons other than death.
- The property has not been resided in as a principal residence for a period exceeding 12 months due to physical or mental illness.
- The property is in disrepair and the mortgagor has refused or is unable to repair the property.
- The mortgagor violates one or more of the following covenants of the mortgage namely: failure to pay property taxes and/or assessments, failure to keep current homeowners insurance coverage or refusal to comply with the covenants and conditions of the mortgage.

One of the circumstances stated above has occurred and placed this loan in a due and payable status which requires the debt to be repaid.
**The total amount due and payable as of 11/16/2016 is $287,685.15.**

A Deed-in-Lieu of foreclosure may be considered provided the property is free or can be freed of any liens other than the HUD Home Equity Conversion Mortgage. A Short Sale of the property may also be considered. Detailed letters for both of these options are enclosed.

If you would like to discuss this matter please call your HECM Housing Counselor at (877) 622-8525 extension 0, Monday through Friday, between 8:00 a.m. and 5:00 p.m. Central Standard Time. You must respond within thirty (30) days from the date of this letter.

If on the other hand you prefer to write us about this matter, please send all correspondence to the following address:

**NOVAD Management Consulting LLC**
The Department of Housing and Urban Development
Attn: Jennifer Thompson
2401 NW 23rd Street, Suite 1A1
Oklahoma City, OK 73107

Sincerely,

Jennifer Thompson
HECM Loan Specialist

NOVAD Management Consulting LLC as Contractor for The Department of Housing and Urban Development is a debt collector and is attempting to collect on a debt. Any information obtained shall be used for that purpose.   Loan Skey:3914

2401 NW 23rd Street, Suite 1A1, Oklahoma City, OK 73107
Phone (877) 622-8525 ~ Fax (800) 489-1733 ~ TTY/TDD (800) 855-2880

# "Attachment D"

**Copy of Plaintiffs Homeowners Policy**

**Safeco Insurance**
A Liberty Mutual Company

## SAFECO INSURANCE COMPANY OF AMERICA
Home Office: 62 Maple Ave, Keene, NH 03431 (A stock insurance company.)

### HOMEOWNERS POLICY DECLARATIONS

**POLICY NUMBER:** OF2050255

**POLICY PERIOD:** FROM: SEPT 10, 2016 12:01 A.M.
TO: SEPT 10, 2017 12:01 A.M.

**NAMED INSURED AND MAILING ADDRESS:**
GAIL KELLEY
9022 MARSH MOUNTAIN RD
PINSON AL 35126-2024

**AGENT:**
BRIGGS INSURANCE AGENCY INC
PO BOX 94128
BIRMINGHAM   AL   35220-4128

Valued Homeowners Customer Since: SEPT 10, 2010

**INSURED LOCATION:**
Same

**POLICY SERVICE INFORMATION:**
TELEPHONE: (205) 853-8303
E-MAIL: SHATCHER@BRIGGSINS.COM
WEBSITE: www.briggsins.com

### IMPORTANT MESSAGES

- Your policy has changed effective September 10, 2016.

**LIMITS OF LIABILITY**
(Policy Section I - Property Coverages and Section II - Liability Coverages)

| Coverage A — Dwelling | Coverage B — Other Structures | Coverage C — Personal Property | Coverage D — Additional Living Expense | Coverage E — Personal Liability | Coverage F — Medical Payments |
|---|---|---|---|---|---|
| $464,200 | | $232,100 | $92,840 | $300,000 | $1,000 |

**DEDUCTIBLES.**
The following deductibles apply unless otherwise stated within the policy.

| | AMOUNT |
|---|---|
| Section I - Property Coverages | $ 2,500 |

| | PREMIUM |
|---|---|
| BASIC COVERAGES | $ 2,585.00 |
| OTHER COVERAGES, LIMITS AND OPTIONAL COVERAGES | $ 0.00 |
| DISCOUNTS AND SURCHARGES | $ -558.00 |

**TOTAL POLICY PREMIUM:**   $ 2,027.00

Premium Payer:   Insured

You may pay your premium in full or in installments. There is no installment fee for the following billing plans: Full Pay. Installment fees for all other billing plans are listed below. If more than one policy is billed on the installment bill, only the highest fee is charged. The fee is:
   $2.00 per installment for recurring automatic deduction (EFT)
   $5.00 per installment for recurring credit card or debit card
   $1.25 per installment for all other payment methods





**Safeco Insurance**™
A Liberty Mutual Company

Homeowners Policy#: OF2050255

| OTHER AND OPTIONAL COVERAGES | Limit | Premium |
|---|---|---|
| Personal Property Replacement Cost | | Included |
| Building Ordinance or Law Coverage | 10% | Included |
| Loss Assessment | 500 | Included |
| **Total** | | **Included** |
| **DISCOUNTS AND SURCHARGES** | | **Premium** |
| Account Credit | | -$487.00 |
| Renewal Credit | | -$24.00 |
| **Total** | | **-$511.00** |

Coverages: Insurance is afforded only for such coverages as are indicated by specific premium charges.

**ADDITIONAL INTERESTS**

**Name:** NOVAD MNGMT CONSULTING, LLC
8181 PROFESSIONAL PL STE 208
LANDOVER, MD 20785

**Interest Type:** Mortgage Servicing Agency for 1st Mortgagee

CERTIFICATE OF SERVICE

I hereby certify that on the ___17th___ Day of ___November___ 2017, a copy of the foregoing was served on the below listed parties by placing a copy of same in the United States Mail with postage prepaid and properly addressed.

_____
Jay Kelley - Plaintiff

_____
Gail Kelley - Plaintiff

Serve Mr. Stephen Bumgarner at
420 North 20th Street
3400 Wells Fargo Tower
Birmingham, AL 3520

Serve Defendant Everret Davon Kelly at:
CSC Lawers Incorporated Srvc Inc.
150 South Perry Street
Montgomery, AL 36104