# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **JAY KELLEY and GAIL KELLEY,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | **Case No.: 2:17-CV-0981-VEH** |
| ) | |
| **NOVAD MANAGEMENT** ) | |
| **CONSULTING,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |
| ) | |

## **MEMORANDUM OPINION**

**I.  INTRODUCTION**

Before the Court is Defendant NOVAD Management Consulting's ("NOVAD") Motion To Dismiss (the "Motion") Plaintiffs' Amended Complaint. (Doc. 31).[1] Plaintiffs Jay Kelley and Gail Kelley (collectively the "Kelleys") responded to the Motion. (Doc. 35). NOVAD replied. (Doc. 36). This Motion is ripe for review.

---

[1] NOVAD had previously moved to dismiss this case back in June 2017. (Doc. 2). However, knowing that the Plaintiffs were proceeding *pro se* and because their Complaint was a shotgun complaint, the Court gave them an opportunity to replead their case. (Doc. 24). They did so, and that pleading is the subject of the current Motion. (Doc. 28).

## II. RELEVANT BACKGROUND

At the Motion To Dismiss stage, the Court accepts everything in the Complaint as true for purposes of this opinion only. The Court will provide a brief summary of the basic facts alleged in the Amended Complaint as they relate to the Motion To Dismiss.[2]

The Kelleys are Alabama residents who entered into a reverse mortgage. (Doc. 28 at 1, ¶2 and 4, ¶4). On May 8, 2016, NOVAD became the service company for this mortgage. (*See id.* at 4-5, ¶8). "On October 22, 2016, [the Kelleys] received a letter dated October 17, 2016[,] from [NOVAD] reiterating the five circumstances under which a reverse mortgage becomes due and payable." (*Id.* at 5, ¶9). They letter then stated that "[o]ne of the circumstances stated above has occurred and placed this loan in a due and payable status which requires the debt to be repaid. The total amount due and payable as of 11/16/2016 is $287,685.15." (*Id.* at 5, ¶10 and 16) (emphasis omitted). However, none of those enumerated circumstances occurred. (*Id.* at 6,

---

[2] Oftentimes this Court will cite and copy the fact section directly into these opinions; however, for clarity, the Court will distill the important facts for purposes of this Motion.

¶12).³,⁴

The Kelleys bring one count in their Amended Complaint:

Plaintiffs submit that the evidence submitted herein clearly shows that Defendants' wrongful contention that "One of the above circumstances has occurred", is arbitrary and capricious, is without supporting evidence, has no basis in fact, is clearly an intentional act of deceit and deception, designed to defraud Plaintiffs, and many others, out of hundreds of thousands, if not millions of dollars.

(Doc. 28 at 9).

### III. STANDARD

A Rule 12(b)(6) motion attacks the legal sufficiency of the complaint. *See* FED. R. CIV. P. 12(b)(6) ("[A] party may assert the following defenses by motion: (6) failure to state a claim upon which relief can be granted[.]"). The Federal Rules of Civil Procedure require only that the complaint provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 103, 2 L. Ed. 2d 80 (1957) (footnote omitted) (quoting FED. R. CIV. P. 8(a)(2)),

---

³ NOVAD filed several exhibits with the Court in its original Motion To Dismiss. (Doc. 2-1, 2-2, 2-3). In their Amended Complaint, the Kelleys claim that NOVAD "fabricated and backdated" one of the exhibits. (See Doc. 28 at 7). This is a very serious allegation. However, the Kelleys then attached "for the Court's consideration" what appears to be that same exhibit. (Doc. 35 at 2, 5).

⁴ NOVAD argues that the October 17, 2016, letter was prompted by the Kelleys' ignoring previous requests for proof of insurance. (*See* Doc. 36 at 2-3). The Court need not go down this path. Looking solely at the Amended Complaint, it fails to comply with Rule 9(b).

*abrogated by Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007); *see also* FED. R. CIV. P. 8(a) (setting forth general pleading requirements for a complaint including providing "a short and plain statement of the claim showing that the pleader is entitled to relief").

While a plaintiff must provide the grounds of his entitlement to relief, Rule 8 does not mandate the inclusion of "detailed factual allegations" within a complaint. *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964 (quoting *Conley*, 355 U.S. at 47, 78 S. Ct. at 103). However, at the same time, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 563, 127 S. Ct. at 1969.

"[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 129 S. Ct. at 1950. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* (emphasis added). "Under *Twombly*'s construction of

4

Rule 8 . . . [a plaintiff's] complaint [must] 'nudge[] [any] claims' . . . 'across the line from conceivable to plausible.' *Ibid*." *Iqbal*, 556 U.S. at 680, 129 S. Ct. at 1950-51.

A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965).

## IV. ANALYSIS

### A. The Amended Complaint's Fraud Claim Fails To State a Claim

NOVAD moves to dismiss the Amended Complaint by arguing that the Kelleys fail to state a claim for fraud. (*See* Doc. 31 at 7).

First, NOVAD argues that the Kelleys fraud claim does not meet the Rule 9(b) standard. (*See id.*).[5] The Court agrees. The Court interprets the Amended Complaint to be making an claim for fraud. (*See* Doc. 28 at 9).Since the Kelleys have brought

---

[5] The Kelleys did not respond to this argument. (*See* Doc. 35 at 1-2). However, that does not mean that NOVAD automatically wins. *See Gailes v. Marengo County Sheriff's Dep't*, 916 F. Supp. 2d 1238, 1243-44 (S.D. Ala. 2013). "Instead, the Court will review the merits of the defendant's position and, if it is clearly incorrect or inadequate to satisfy the defendant's initial burden, will deny the motion despite the plaintiff's failure to respond. If, however, the defendant's presentation is adequate to satisfy its initial burden, the Court will not deny the motion based on arguments the plaintiff could have made but by silence elected not to raise." *Id.* (internal footnotes omitted).

5

a claim for fraud, their pleading is governed by the more stringent standards of Federal Rule of Civil Procedure 9(b):

> **(b) Fraud or Mistake; Conditions of Mind.** In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

FED. R. CIV. P. 9(b). Since the Kelleys are *pro se*, the Court previously quoted Rule 9(b) (along with other important Rules) in its previous Order Requiring Repleader to help them understand federal court procedure. (Doc. 6). NOVAD cites to an Eleventh Circuit discussion of Rule 9(b) in support of their contention that the Kelleys "fail[ed] to plead any fraud claim with the degree of particularlity required by Rule 9(b)." (*See* Doc. 31 at 7) (citing *United States ex rel. Clausen v. Lab Corp. of Am.*, 290 F.3d 1301, 1310 (11th Cir. 2002)). That case states, in relevant part:

> The particularity rule serves an important purpose in fraud actions by alerting defendants to the precise misconduct with which they are charged and protecting defendants against spurious charges of immoral and fraudulent behavior. The application of Rule 9(b), however, must not abrogate the concept of notice pleading. Rule 9(b) is satisfied if the complaint sets forth (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

*U.S. ex rel. Clausen*, 290 F.3d at 1310 (quoting another source that omitted quotation

marks and citations).[6] NOVAD argues that the Amended Complaint "[fails] to allege the claimed fraudulent acts that support the fraud claim and it also fails to allege what each named defendant supposedly obtained as a consequence of any claimed fraud." (Doc. 31 at 8). The Court agrees that the Amended Complaint has failed to state "what the defendants obtained as a consequence of the fraud." They Kelleys apparently never fell for what they characterize as "an intentional act of deceit and deception." (Doc. 28 at 9). For example, they never pled that they paid the $287,685.15 under the belief their loan became due. They never pled that they handed over the deed to their home because of their reliance on these letters. By not pleading what NOVAD received from this fraud, their Amended Complaint fails to meet the Rule 9(b) standard.

NOVAD has other arguments as well. *See generally* (Doc. 31); (Doc. 36). NOVAD raises an argument about breach of contract. (*See* Doc. 31 at 8). NOVAD

---

[6] The Court also notes the following regarding Alabama substantive law. Under Alabama law, there are four basic elements of fraud:

> " 'Fraud' is defined as (1) a false representation (2) of a material existing fact (3) relied upon by the plaintiff (4) who was damaged as a proximate result of the misrepresentation. If fraud is based upon a promise to perform or abstain from performing in the future, two additional elements must be proved: (1) the defendant's intention, at the time of the alleged misrepresentation, not to do the act promised, coupled with (2) an intent to deceive."

*Deng v. Scroggins*, 169 So.3d 1015, 1024 (Ala. 2014) (citations omitted). Through the upcoming discussion of the Rule 9(b) pleading standard, the Court notes that, at the very least, the Kelleys probably have not pled the third and fourth elements of fraud under Alabama law.

7

also raises an argument about the request for proof of insurance in its reply. (*See* Doc. 36 at 2).[7] The Court need not address these arguments because the Amended Complaint is already being dismissed for failure to state a claim. Additionally, the Court need not address whether this re-pled complaint meets the technical definition of a "shotgun complaint."[8] (*See* Doc. 31 at 6-7). It plainly fails under Rule 9(b).

The Kelleys' response does not persuade the Court to decide this Motion differently. The Kelley's response fails to adequately address the legal issues pertinent to the Motion. In it, Jay Kelley spends time explaining his past employment and I.Q. level. (Doc. 35 at 1, ¶1-2) ("Plaintiff Kelley has been gifted, or condemned, to possess an I.Q. rated in the top one per cent of the world's population."). Both of these matters are irrelevant. Then Kelley takes issue with this Court's prior ruling regarding Mr. E. Davon Kelly ("Defendant Kelly"). (*See id.* at 1, ¶3). This Court addresses Defendant Kelly below. Finally, the Kelleys perfunctorily called the NOVAD letter dated October 17, 2016, "an attempt to extort $287,685.15." (Doc. 35 at 2). The Kelleys do not directly address the arguments in NOVAD's Motion.

---

[7] The Court notes that the proof of insurance argument was not fairly raised in its Motion. (*See generally* Doc. 31). It is not generally proper to raise new arguments in a reply brief because the nonmovant does not get to respond to it. Regardless, this did not prejudice the nonmovants because the Court is not relying on this argument.

[8] The Eleventh Circuit has described the four types of shotgun complaints. *See Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015).

## B. Defendant Kelly

The Kelleys named Defendant Kelly as a Defendant in this case in their original Complaint. (Doc. 1-2 at 110). On August 28, 2017, this Court entered an Order on Effectuating Service. (Doc. 16). That Order noted that Defendant Kelly had not been served and gave the Kelleys until September 7, 2017, to serve him. (*Id.* at 4-5). They failed to do so, and the Court dismissed Defendant Kelly on September 20, 2017. (Doc. 18). As the Federal Rules require, this dismissal was without prejudice. (*Id.*). In response to the Court's Order Requiring Repleader, the Kelleys filed their Amended Complaint on November 17, 2017. (Doc. 28). That Amended Complaint attempts to name Defendant Kelly as a defendant in this case. (*Id.* at 1). The Court denied a Motion To Rescind its order dismissing Defendant Kelly on November 30, 2017, after the Amended Complaint was filed (Doc. 29 at 4-5). This was the correct course of action for the reasons listed in the order. (*See id.*).

However, the Court also notes that its prior dismissal of Defendant Kelly was "without prejudice." (Doc. 18). Conceivably, the Amended Complaint could be interpreted to bring back the claims against Defendant Kelly. That would mean that the Kelleys would have had to have served Defendant Kelly within 90 days. FED. R. CIV. P. 4(m). 90 days from November 17, 2017, is February 15, 2018. The Kelleys have not effectuated service. The Court previously explained Rule 4 back in August.

(Doc. 16). That order provided notice regarding the first failure to serve, but even upon filing the Amended Complaint against the same defendant, the Kelleys made the same mistake again. Bringing this case back against Defendant Kelly would be futile because the Amended Complaint is fails to comply with Rule 9(b) and the Kelleys can no longer amend their complaint as a matter of course.[9] For these reasons, Defendant Kelly remains **DISMISSED without prejudice**.

V. **CONCLUSION**

In conclusion, the Kelleys' Amended Complaint fails to state a claim for fraud under Federal Rule of Civil Procedure 9(b). The Motion To Dismiss is **GRANTED**. This case is **DISMISSED** and hereby closed. The Court will enter the appropriate final order.

**DONE** and **ORDERED** this the 28th day of February, 2018.

**VIRGINIA EMERSON HOPKINS**
United States District Judge

---

[9] *See* FED. R. CIV. P. 15(a).